JUDGE FURMAN

**14 CV 7486**

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEWYORK

Case No. _____

| | |
|---|---|
| **Mr. Naeem Ahmed**<br>93 S JACKSON ST. SUITE # 23801<br>SEATTLE,<br>WASHINGTON 98104<br>UNITED STATES | COMPLAINT FOR TRADEMARK INFRINGEMENT |
| **Plaintiff** | |
| V. | |
| **GEO USA LLC**<br>Through its agent Corporation Service Company, having its address at 2711 Centerville RD STE 400, Wilmington, Delaware 19808. |  |
| **Defendant** | |

Plaintiff, Mr. Naeem Ahmed (hereinafter referred to as the **"Plaintiff"**), for his cause of action against the Defendant GEO USA Limited (hereinafter referred to as the **"Defendant"**) for trademark infringement of the rights of the Plaintiff, alleges as follows:

## INTRODUCTION

1. That the Plaintiff is filing this suit to protect its established trademark "جنگ" which transliterates to "Roznama Jang', whose English translation is "Daily Battle" (**"the Mark"**), as it has recently come to the notice of the Plaintiff that very serious nature of infringements regarding the mark has been seen through internet website www.jang.com.pk **(the "website")** of the defendant and its sister concern companies (hereinafter referred to as the **"GEO"**), in United States of America. The Defendant is using the mark of the Plaintiff as its display logo on the website and on its newspapers and is using the same for promotion of its goods and services without any consent and permission of the Plaintiff. The Defendant is also infringing the mark of the Plaintiff on internet through Facebook, twitter and many other websites.

## PARTIES

2. That, the Plaintiff, and at all times relevant hereto, is resident of 93 S Jackson Street, Suite # 23801, Seattle, Washington, 98104, United States.

3. That the Defendant, and at all times relevant hereto, is a Delaware corporation, and is operating in United States through its agent, Corporation Service Company, having its address at 2711 Centerville RD STE 400, Wilmington, Delaware 19808.

4. That the Defendant is a corporation incorporated in Delaware and is publishing a newspaper through print and electronic media through the above said website with the display logo, very similar to the mark of the Plaintiff. The said act of the Defendant is causing serious violation of the intellectual property rights of the Plaintiff through a fiery medium of

media broadcasting and online and print publication. The infringement is causing saturation of the mark of the Plaintiff and if not stopped immediately will cause irreparable loss to the Plaintiff. Besides that, the infringing content reaches a global audience via a network of cable and satellite partners. In a truly multimedia world, its content is accessed through television and broadband. As said above, the infringement is not limited to the newspaper and website but the same is being further spread through the medium of internet especially on Facebook and Twitter.

## JURISDICTIONAL STATEMENTS

5. This is a complaint for Trademark Infringement, Unfair Competition and False Description arising under § 43 of the Lanham Act, 15 U.S.C § 1125 (a) and for injury to business reputation.

6. This Court has original subject matter Jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338 (9) and 15 U.S.C § 1121 and that there is complete diversity of citizenship between the Plaintiff and the Defendant and the amount in controversy exceeds $75,000 exclusive of costs and interest.

7. That, the Court has personal jurisdiction over the Defendant, GEO USA LLC, due to the claim relating to the intellectual property and involvement of internet and media.

8. That, the venue is proper in this district under 28 U.S.C § 1391 (a), in that the defendant is subject to personal jurisdiction in this district at the time the action is commenced, and under 28 U.S.C § 1391 (b) and (c) because a substantial part of the property that is the subject of the action

is situated in district and substantial part of the events giving rise to the claim occurred in the District.

## FACTUAL STATEMENTS

9. That the Plaintiff is the common law and established owner of the Mark in United States and the application for the registration of the same is also pending before USPTO, bearing serial Number: 86123767 **(See Annexure A)**. It is worth mentioning here that, before the filing of the same the Plaintiff being the *bona fide* user and owner of the mark, diligently searched the applied mark in USPTO database and found no such mark having similarity with the mark of the Plaintiff. The Plaintiff has been using the same logo since June 23, 2004 in connection with the news publication; broadcasting; telecommunication; news; entertainment; live shows; comedy in Classes 38 and 41 of the International *Classification* of Goods and Services for the Purposes of the Registration of Marks under the *Nice* Agreement.

10. That, to shock and dismay of the Plaintiff, it has recently disclosed on to the Plaintiff that the Impugned logo being used by the Defendant is confusingly similar to the Mark of the Plaintiff, and the Defendant is using the Mark name as well as the stylized logo of the Plaintiff as its own, without the permission and consent of the Plaintiff.

11. That the Defendant is using the mark of the Plaintiff as the display logo on the website and also in print on its newspaper on every day basis in the United States of America. The website is published in Urdu language and is seen by large majority of south Asian diaspora.

12. That, the Defendant is also using the mark of the Plaintiff on Facebook and twitter for the publicity of its infringing logo. The act of infringement on the internet is further saturating the mark of the Plaintiff and thus is causing very serious loss and damage to the mark of the Plaintiff. The linking causing infringement on the internet are given hereunder;

http://jang.com.pk/
https://www.facebook.com/JangDotComDotPk
https://twitter.com/jang_akhbar

13. That the Defendant is using the Plaintiff's mark to divert customers and further to mislead and deceive the customers of the Plaintiff in violation of multiple international conventions, treaties as well as criminal laws and civil laws regarding mark infringement, counterfeiting, and unfair competition. The owner/publisher of the website and newspaper has acted *mala fide* and his act of using Plaintiff's mark in his business and is illegal, unlawful, unauthorized and damaging to the name, business and repute of the Plaintiff.

> **[Screenshot containing the evidence of the infringement of the Impugned Mark is annexed herein as Annexure - B]**

## DEFENDANTS KNOWLEDGE OF THE FALSITY

14. That, it is further added as per the knowledge of the Defendant, that the defendant has actual knowledge of the infringing activities of the display of the mark of the Plaintiff with the program. Defendant knowingly

avoided learning the full extent of the infringing activities and deliberately disregarded the notice/notifications of the Plaintiff. Therefore, the Defendant knowingly enabled the infringing conduct by allowing the program willfully permitting the same to display the logo of the Plaintiff as their own, and in consequence the Plaintiff suffered irreparable harm and damage.

15. That, the Defendant had the constructive knowledge of the fact that the infringement of the mark of the Plaintiff through its website and newspaper was infringing the intellectual property rights of the Plaintiff, and the Defendant, 'had reasonable means to withdraw its use of the mark so that it could not be used to directly infringe but the Defendant continued to publish/print/post its website and newspaper, therefore, deliberately failed to stop the infringement and mitigate the harm to the Plaintiff.

16. That the Plaintiff is continuously suffering loss and harm to its business, and saturation of its business identity and the infringement is continuously saturating the brand identity of the mark of the Plaintiff, which can cause irreparable loss to the Plaintiff, if not stopped immediately.

17. That, the Defendant has even refused to stop the infringement of the mark of the Plaintiff and all the notices and warnings by the Plaintiff have gone in vain and all efforts have wasted. The Defendants has failed to cater the concerns of the Plaintiff and is not willing to mitigate the loss causing continuously to the Plaintiff. This shows the obvious *mala fide* on part of the Defendant and its willful and deliberate infringements of the intellectual property rights of the Plaintiff by the Defendant.

## HARM TO BUSINESS

18. That, since the infringement of the mark of the Plaintiff, the Plaintiff business has suffered heavy losses due to confusion among the customers of the Plaintiff as many of the customers have been deceived into diversion to the program of the Plaintiff.

19. That the infringement is causing saturation of the mark and ultimately brand of the Plaintiff thus causing irreparable loss to the brand identity of the Plaintiff and its business.

20. That, the continuous infringement of the Plaintiff's Mark has caused mental torture, mental agony and stress to the Plaintiff and thus has diminished his working ability.

21. As a direct and proximate result of the actions of the Defendant as detailed above, the Plaintiff has suffered irreparable loss and damage to his business and goodwill gained thereby.

22. That the injuries are the natural consequence of, and directly and proximately caused by, the willful and deliberate act of the Defendant.

## FIRST CLAIM- TRADEMARK INFRINGEMENT UNDER LANHAM ACT

23. The Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraph 9 through 13.

24. Defendant's wrongful use of the mark comprises an infringement of the Plaintiff's established, applied and common law trademark and is likely to cause confusion, mistake and deception of the public as to the identity and origin of the Plaintiff's services, causing irreparable harm to the Plaintiff for which there is no adequate remedy at law.

25. By reason of the foregoing acts, the defendants are liable to plaintiff for trademark infringement under 15 U.S.C § 1125(a).

## SECOND CLAIM – UNFAIR COMPETITION UNDER LANHAM ACT § 43

26. That the Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraph 9 through 13.

27. The Defendants use of the Mark to promote, market or sell its services in direct competition with the Plaintiff's services constitute unfair competition pursuant to 15 U.S.C § 1125 (a). Defendant's use of the Plaintiff mark is likely to cause confusion, mistake and deception among consumers. Defendant's unfair competition has caused and will continue to cause damage to Plaintiff and is causing irreparable harm to Plaintiff for there is no adequate remedy at law.

## THIRD CLAIM
## FALSE DESCRIPTION

28. That the Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraph 9 through 13.

29. That, the defendants wrongful use of the Plaintiff's mark is such a copy of the Plaintiff's mark established in the entertainment related market for consumer products that the defendants use thereof in the context of entertainment is likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connections, or association of Plaintiffs services or to deceive consumers as to origin, sponsorship or approval by the Plaintiff of the Defendants copied services.

30. Plaintiff avers that defendants use of the mark comprises a false description or representation of Defendants business or services under 15 U.S.C § 1125 (a) (Section 43 (a) of the Lanham Act).

## FOURTH CLAIM
## COMMON LAW INJURY TO BUSINESS REPUTATION

31. That the Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraph 9 through 13.

32. That the Plaintiff alleges that the defendants wrongful use of the mark insures to and creates a likelihood of injury to plaintiffs business reputation because persons countering plaintiff and its services will believe that plaintiff is affiliated with or related to or has the approval of defendants, and any adverse reaction by the public to defendants and the

quality of its services and nature of its business will injure the business reputation of the Plaintiff and the good will that it enjoys with its mark.

## FIFTH CLAIM – PUNITIVE DAMAGES

33. That the actions of the Defendant are intentional, *mala fide*, illegal, unlawful and full with damaging intentions.

34. That the act of infringement has caused loss up to $ 5 Million till the filing of this case and is growing on everyday basis.

**WHEREFORE,** that Plaintiff request that this Court enter judgment against the Defendant as follows:

  i. Damages in the amount of $ 5 Million.

  ii. Grant an injunction directing the Defendant to immediately stop the infringement of the mark of the Plaintiff through the program.

  iii. Punitive damages; and

  iv. Any and all relief to which Plaintiff may appear entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of the Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

Plaintiff
**Mr. Naeem Ahmed**

93 S JACKSON ST. SUITE #
23801, SEATTLE,
WASHINGTON 98104
UNITED STATES

Dated: September 11, 2014

# ANNEXURE – A



# ANNEXURE – B





