**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| NAEEM AHMED | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-CV-7486 (JMF) |
| | ) | |
| v. | ) | |
| | ) | |
| GEO USA LLC | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION**
**TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND**
**DEFENDANT'S MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO**
<u>**DISMISS THE COMPLAINT UNDER FEDERAL RULES 12(B)(1) AND 12(B)(6)**</u>

Lara A. Holzman
Leah Feinman
ALSTON & BIRD LLP
90 Park Avenue
New York, NY  10016-1387
(212) 210-9400
lara.holzman@alston.com
leah.feinman@alston.com

*Attorneys for Defendant GEO USA LLC*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii

I.   INTRODUCTION ......................................................................................................... 1

II.  STATEMENT OF FACTS ............................................................................................ 3

III. ARGUMENT ................................................................................................................ 5

    A.  Plaintiff Is Not Likely to Succeed on the Merits of His Claims ................................. 6

        1.   Plaintiff is Not Likely to Succeed on the Merits Since He Lacks
            Standing to Sue ..................................................................................................... 6

        2.   Plaintiff is not Likely to Succeed on the Merits Because the Complaint
            Fails to State a Claim ........................................................................................... 9

        3.   Plaintiff Has No Likelihood of Success on the Merits Because He Has
            Failed To Establish Any Likelihood of Confusion .............................................12

        4.   Plaintiff Has No Likelihood of Success on the Merits Because He Has
            Not Shown that the Party Sued Uses the Allegedly Infringed JANG
            Mark .....................................................................................................................14

    B.  Plaintiff Has Not Shown That He Will Suffer Irreparable Harm ..............................15

    C.  The Threatened Injury to Defendant Outweighs Any Damage to Plaintiff ...............16

    D.  The public Interest Favors Denial of the Injunction ..................................................16

    E.  Plaintiff's Baseless Complaint makes this case "exceptional" and therefore
        Defendant is entitled to attorneys' fees under 15 U.S.C. §1117 ...............................17

IV. CONCLUSION.............................................................................................................19

## **TABLE OF AUTHORITIES**

**Cases**                                                                                    **Page(s)**

*Allied Interstate LLC v. Kimmel & Silverman P.C.*,
  No. 12-cv-4204-LTS-SN, 2013 WL 4245987 (S.D.N.Y. Aug. 12, 2013).............................10

*Attia v. Society of New York Hosp.*,
  12 F. App'x 78 (2d Cir. 2001) ..............................................................................18

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................9

*Contractual Obligation Prods., LLC v. AMC Networks, Inc.*,
  546 F. Supp. 2d 120 (S.D.N.Y., 2008)..............................................................18, 19

*Dolen v. Rylas*,
  No. 09-cv-2120-T-23AEP, 2012 WL 983787 (M.D. Fl. Feb. 10, 2012) ...............................18

*Experian Marketing Solutions, Inc. v. U.S. Data Corp.*,
  No. 09-cv-24, 2009 WL 2902957 (D. Neb. Sept. 9, 2009)......................................7

*Faberware Licensing Co. v. Meyer Mktg. Co.*,
  428 F. App'x 97 (2d Cir. 2011) .........................................................................17

*Genesee Brewing Co. v. Stroh Brewing Co.*,
  124 F.3d 137 (2d Cir. 1997)........................................................................10, 12

*Hamptons Locations, Inc. v. Rubens*,
  No. CV 01-5477, 2011 WL 11076458 (E.D.N.Y. Feb. 14, 2011).........................................18

*Hanson Trust PLC v. SCM Corp.*,
  774 F.2d 47 (2d Cir. 1985)..................................................................................5

*Int'l Healthcare Exchange, Inc. v. Global Healthcare Exchange, LLC*,
  470 F. Supp. 2d 365 (S.D.N.Y. 2007).....................................................................9

*Jade Apparel, Inc. v. Steven Schor, Inc.*,
  No. 11-cv-2955-KNF, 2013 WL 498728 (S.D.N.Y. Feb. 11, 2013) ....................................10

*Jayaraj v. Scappini*,
  66 F.3d 36 (2d Cir. 1995)....................................................................................15

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*,
  454 F.3d 108 (2d Cir. 2006)..................................................................................5

*Mazurek v. Armstrong*,
  520 U.S. 968 (1997)...........................................................................................5

**Cases**                                                                          **Page(s)**

*Mennen Co. v. Gillette Co.*,
   565 F. Supp. 648 (S.D.N.Y. 1983), *aff'd*, 742 F.2d 1437 (2d Cir. 1984) ..............................17

*National Distillers Prods. v. Refreshment Brands, Inc.*,
   No. 00 Civ. 8418, 2002 WL 1766548 (S.D.N.Y. July 30, 2002) ...........................................17

*Newlead Holdings Ltd. v. Ironridge Global IV Ltd.*,
   No. 14-cv-3945, 2014 WL 2619588 (S.D.N.Y. June 11, 2014) ...............................................6

*Omega SA v. 375 Canal, LLC*,
   No. 12-cv-6979-PAC, 2013 WL 2156043 (S.D.N.Y. May 20, 2013) ................................9, 10

*Parham v. Pepsico, Inc.*,
   927 F. Supp. 177 (E.D.N.C. 1995), *aff'd*, 86 F.3d 1151 (4th Cir. 1996) .................................7

*Pearson Educ., Inc. v. Boundless Learning, Inc.*,
   919 F. Supp. 2d 434 (S.D.N.Y. 2013) ..................................................................................7, 9

*Polaroid Corp. v. Polarad Elecs. Corp.*,
   287 F.2d 492 (2d Cir. 1961) ...................................................................................................12

*Quickie Mfg. Corp. v. The Libman Co.*,
   180 F. Supp. 2d 636 (D.N.J. 2002) ........................................................................................15

*Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*,
   588 F.3d 97 (2d Cir. 2009) .....................................................................................................13

*Strikeforce Tech., Inc. v. Phonefactor, Inc.*,
   No. 13-cv-490-RGA-MPT, 2013 WL 6002850 (D. Del. Nov. 13, 2013) ..............................11

*Swartz v. Schering-Plough Corp.*,
   53 F. Supp. 2d 95 (D. Mass. 1999) .........................................................................................8

**Statutes and Rules**

15 U.S.C. §1051 *et. seq.* ............................................................................................. *passim*

15 U.S.C. §1117 ...............................................................................................................2, 17, 18

15 U.S.C. §1125(a) ...............................................................................................................7, 8, 9

Fed. R. Civ. P. 12(b)(6) ........................................................................................................1, 9, 12

**<u>Other Authorites</u>**                                                                                              **<u>Page(s)</u>**

J. McCarthy, *McCarthy on Unfair Competition* § 16:4 (4th ed. 2013) ....................................8, 11

S. Rep. No. 1400, 93d Cong., 2d Sess. 5, 6
*reprinted in* 1974 U.S.C.C.A.N. 7132 (1974)...............................................................................17

## I.     INTRODUCTION

Defendant GEO USA LLC files this memorandum in opposition to Plaintiff's Motion for Preliminary Injunction and in support of Defendant's Motion to Dismiss the Complaint. Plaintiff's Complaint alleges trademark infringement by Defendant of the trademark JANG.[1] Plaintiff's Motion for a Preliminary Injunction should be denied because there is absolutely no likelihood of success on the merits since there are at least four recent decisions in the District Court of Massachusetts finding that Plaintiff does not own the JANG trademark that he alleges that Defendant infringes.  In those actions, Plaintiff's various complaints were dismissed for lack of standing and under Federal Rule 12(b)(6) because Plaintiff failed to allege facts sufficient to establish that he had any ownership rights in the JANG mark.  The Complaint in this action is nearly identical to the Complaints in the cases in the District Court of Massachusetts. Importantly, the Complaint in this action is identically worded to the Complaints in the District Court of Massachusetts with regard to allegations of Plaintiff's alleged trademark ownership. Thus, this Complaint should similarly be dismissed for lack of standing and under Federal Rule 12(b)(6) because Plaintiff has not set forth any facts in his Complaint that would support that he owns the trademark he alleges is infringed.  Likewise, Plaintiff's Motion for Preliminary Injunction should also be denied because he has no likelihood of success on the merits.

As set forth above, this is not Plaintiff Mr. Naeem Ahmed's first attempt to sue for infringement of the trademark JANG.  In December 2013 and January 2014, he filed four lawsuits alleging infringement of this same trademark in the District Court of Massachusetts.[2]  In

---

[1] The JANG mark is represented in Urdu as <span dir="rtl">جنگ</span> and will be referred to as JANG throughout this Memorandum.

[2] Mr. Ahmed also filed three additional lawsuits in the District Court of Massachusetts alleging infringement of other trademarks he did not own.  Two of these cases have also been dismissed for similar reasons, and one suit is still pending with a Motion to Dismiss on standing grounds pending before the Court.

May and June of 2014, all four of these lawsuits were dismissed because the Court found that Mr. Ahmed lacked standing to sue for infringement of this same JANG trademark. The decisions in these suits make clear that Mr. Ahmed did not and could not show that he had any ownership interest in the trademark JANG. Mr. Ahmed's Complaint in this action does not add any additional facts that would support ownership of the JANG trademark. In fact, the Complaint in this action is almost identically worded to the various Complaints filed by Mr. Ahmed in the District Court of Massachusetts. Thus, Mr. Ahmed's Motion for Preliminary Injunction should be denied and his Complaint dismissed on these grounds.

Further, even if Plaintiff could show ownership of the JANG mark, the Complaint was filed against a Defendant that does not use the JANG trademark. The named Defendant in this action is GEO USA LLC ("GEO"). GEO does not use the JANG trademark. Plaintiff alleges that GEO uses the JANG mark on the website www.jang.com.pk. However, this website is owned by the Jang Group, not GEO, as clearly stated on its website contact page.

Finally, based on Plaintiff's knowledge of the decisions of the District Court of Massachusetts holding that Plaintiff has no standing to sue for infringement of the JANG mark, and Plaintiff's failure to include any additional facts in this Complaint that would support Plaintiff's ownership of the JANG mark, Plaintiff knew or should have known that his Complaint in this action (even if the correct party had been sued) was completely meritless and lacked any basis in the law. Thus, the Court should find this to be an exceptional case under the Lanham Act and award of attorney's fees and costs to Defendant under 15 U.S.C. §1117.

## II.     STATEMENT OF FACTS

The Jang Group is the owner of the website at <http://jang.com.pk>.  This is clearly set forth on the website contact page: http://jang.com.pk/features/contact_us.htm.   Declaration of Mansoor Rehman ("Rehman Dec."), ¶3, Ex. 1.  Since May 14, 1998, the Jang Group has had a website accessible in the United States which offers and delivers information, entertainment services and international news under the trademark JANG.  Rehman Dec., ¶4.  In addition, since at least as early as 1991, the Jang Group has distributed hard copy newspapers in the United States under the trademark JANG.  *Id.*  Electronic versions of its hard copy newspapers have been available on its website since at least as early as August 28, 2006.  *Id.*

GEO is not using and has never used the trademark JANG in the USA.  Rehman Dec., ¶5. GEO is an independent company from the Jang Group.  *Id.*  GEO does not publish or distribute the JANG newspaper.  *Id.*

Jang (Private) Limited, which is a member of the Jang Group, is the owner of U.S. trademark application Serial No. 86/154,494 for the JANG mark in class 16 covering newspapers, among other things, and U.S. trademark application Serial No. 86/154,382 in classes 38 and 41 for broadcast and entertainment services, among other things.  Rehman Dec. ¶¶6 and 7, Exs. 2 and 4.   The Jang Group is the true owner of the JANG trademark, not Plaintiff. Rehman Dec. ¶6, Ex. 3.

In late December 2013 and early January 2014, Mr. Naeem Ahmed filed seven Complaints in the District Court of Massachusetts, attempting to stop certain third party service providers of the Jang Group, such as Apple, Facebook, Twitter, Google and Hosting.com, from using the JANG mark, as well as several other trademarks owned by the Jang Group.  Rehman Dec. ¶¶8, 9, 13, Exs. 5-8, 14.  Six of the seven cases, *Ahmed v. Hosting.com*, 1:13-cv-13117-WGY, *Ahmed v. Google, Inc.*, 1:13-cv-13129-DJC, *Ahmed v. Apple, Inc*., 1:13-cv-13130-RWZ,

3

*Ahmed v. British Sky Broadcasting Ltd.*, 1:13-cv-13140-NMG, *Ahmed v. Facebook Inc.*, 1:14-cv-10026-WGY, and *Ahmed v. Twitter, Inc.*, 1:14-cv-10025-RGS, were dismissed on Motions to Dismiss.  Rehman Dec., ¶¶10-13, Exs. 9-13.   The seventh case, *Ahmed v. Dish Network*, 1:14-cv-10024- GAO, has not yet been decided.  Rehman Dec., ¶13.

In *Ahmed v. Twitter, Inc.*, *Ahmed v. Google, Inc.*, *Ahmed v. Apple, Inc.*, and *Ahmed v. Facebook Inc.*, Mr. Ahmed alleged that Defendants were infringing the same JANG trademark that is the basis of his Complaint in this action.  Rehman Dec., ¶9, Exs. 5-8.  All four of these Complaints were dismissed because Mr. Ahmed was found to lack standing to sue since he could not show any ownership interest in and to the JANG trademark.  Rehman Dec., ¶¶10-12, Exs. 9-12.

Specifically, in *Ahmed v. Twitter*, Judge Stearns' order dismissed Mr. Ahmed's Complaint with prejudice because Mr. Ahmed's failure to show current use of the allegedly infringed mark was fatal to his infringement claim and his naked assertions regarding harm and confusion similarly failed.  Rehman Dec., ¶10, Ex. 9, at pp. 7-8.  Judge Stearns also ordered that no further Complaints by Ahmed concerning this or any related subject matter could be docketed without the Court's prior permission.  *Id.*, Ex. 9 at p 8.

Similarly, in *Ahmed v. Google Inc.* and *Ahmed v. Apple Inc.*, Judge Zobel dismissed the Complaints with prejudice, stating that "the record particularly contradicts plaintiff's assertions of ownership and use of the marks, and plaintiff has failed to provide any facts in rebuttal." Rehman Dec. ¶11, Ex. 11 at p. 3; *see also* Ex. 10 at p. 2.  He also states that the history set out in the supporting papers "makes clear that, contrary to plaintiff's wholly unsupported assertions, plaintiff has no rights in the asserted trademarks and thus no right to claim infringement by

defendants." *Id.*, Ex. 10 at p. 2.  Finally, Judge Young also dismissed the Complaint in *Ahmed v. Facebook Inc.* for the same reasons.  Rehman Dec. ¶12, Ex. 12 at pp 7-18.

The Complaint in this action is nearly identically worded to the four complaints in the cases that were dismissed in the District Court of Massachusetts.  Rehman Dec. ¶¶9, 13, Exs. 5-8.  Notably, the Complaint in this action does not state any additional facts to support Plaintiff's alleged ownership of the JANG trademark.

Finally, Mr. Ahmed's application for the trademark JANG, on which he bases his infringement claim, has been rejected by the U.S. Patent and Trademark Office for failing to submit specimens (samples) of use of the trademark in U.S. commerce, which is essential to obtaining registration in the United States.  Rehman Dec., ¶14, Ex. 15.

Mr. Ahmed, having been banned from any further new filings in the District Court of Massachusetts, is now suing in the Southern District of New York for infringement of the same JANG trademark that he has already been found not to own and for which he has been found to lack standing to sue.

## III.    ARGUMENT

A preliminary injunction is "one of the most drastic tools in the arsenal of judicial remedies" and, thus, should not be routinely granted.  *Hanson Trust PLC v. SCM Corp.*, 774 F.2d 47, 60 (2d Cir. 1985); *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("preliminary injunction should not be granted unless movant, *by a clear showing*, carries the burden of persuasion") (citation omitted).

To prevail on his motion for preliminary injunction, Plaintiff bears the burden of showing "irreparable harm absent injunctive relief, and either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in plaintiff's favor."  *Louis Vuitton Malletier v. Dooney & Bourke,*

*Inc*., 454 F.3d 108, 113-14 (2d Cir. 2006).  Here, Plaintiff cannot show likelihood of success on the merits or irreparable harm.  Further, the balance of hardships should an injunction issue, greatly favors defendant.  Thus, Plaintiff's Motion for Preliminary Injunction should be denied.

### A.   Plaintiff Is Not Likely to Succeed on the Merits of His Claims.

At the preliminary injunction stage, because of the extraordinary and drastic nature of the relief, the plaintiff carries the burden of establishing each element in its favor or the grant of preliminary injunction is inappropriate.  *Newlead Holdings Ltd. v. Ironridge Global IV Ltd*., No. 14-cv-3945, 2014 WL 2619588, at *6 (S.D.N.Y. June 11, 2014).  Plaintiff cannot meet this high burden.  In fact, Plaintiff has not even met its burden of pleading facts sufficient to alleged ownership of the trademark he contends is infringed by Defendant, and thus is not likely to succeed on the merits.

### 1.   Plaintiff is Not Likely to Succeed on the Merits Since He Lacks Standing to Sue.

Plaintiff is not likely to succeed on the merits since his Complaint is completely lacking of any facts that establish that Plaintiff has any ownership rights to the JANG trademark (the "Mark") and thus has no standing to sue for infringement.  As stated above, this issue has already been decided by the District Court of Massachusetts in four different decisions in cases filed by the same Plaintiff.  Rehman Dec., ¶9, Exs. 5-8, ¶¶10-12, Exs. 9-12.  The facts that Plaintiff allege in the Complaint in this action in connection with his alleged ownership of the Mark ***are the same as those recited in the Complaints dismissed for lack of standing in Massachusetts***, namely that: (1) he "is the common law and established owner of the Mark in the United States"; (2) he owns the trademark application serial no. 86/123,767; and (3) he has been using the Mark "since June 23, 2004 in connection with the news publication; broadcasting; telecommunication; news; entertainment; live shows; comedy in Classes 38 and 41"  Compare Complaint (Dkt. 1 at

6

¶9) with Rehman Dec. ¶9, Exs. 5-8.  Based on the same allegations, the District Court of Massachusetts held that Plaintiff did not plead facts sufficient to establish ownership of the trademark and thus lacked standing to sue for infringement of this trademark.  Based on this alone, Plaintiff's Motion for Preliminary Injunction should be denied since Plaintiff has no chance of success on the merits, and the Complaint should be dismissed for lack of standing to sue.

However, even if the Court does not rely on the District Court of Massachusetts decisions on this same issue, Plaintiff's lack of standing is detailed below.

Plaintiff is not the owner of any U.S. trademark registration for the Mark.  Further, Plaintiff's Complaint puts forth no facts establishing that Plaintiff has any reasonable commercial interest in the trademark, and therefore he cannot establish standing.

A claim brought under 15 U.S.C. §1125(a) allows "any person who believes that he or she is likely to be damaged" by an act of infringement to bring suit.  However, this does not mean that anyone can file suit with an unsubstantiated belief that they may be injured.[3]  Instead, courts have interpreted this section to mean that in order to have standing to sue, a plaintiff must show a reasonable interest to protect under the statute.  *See, e.g.*, *Pearson Educ., Inc. v. Boundless Learning, Inc.*, 919 F. Supp. 2d 434, 437 (S.D.N.Y. 2013) (to show standing under the Lanham Act, plaintiff must show a reasonable interest to be protected and a reasonable basis for

---

[3] A party cannot just make a conclusory statement that they own an unregistered trademark or are the licensee of a trademark without pleading facts that would support this claim.  For example, Plaintiff could not allege he was a licensee of Coca-Cola and have standing to sue without substantiating that claim by pleading facts specific to the licensing arrangement or attaching the agreement conferring the right to sue for infringement.  *Experian Marketing Solutions, Inc. v. U.S. Data Corp.*, No. 09-cv-24, 2009 WL 2902957, at *5 (D. Neb. Sept. 9, 2009) (complaint which contained only a "bare statement" that plaintiff possessed rights as an "exclusive licensee" was insufficient to establish a property interest in the mark.); *see also, Parham v. Pepsico , Inc*., 927 F. Supp. 177 (E.D.N.C. 1995) (dismissing *pro se* plaintiff complaint that did not plead facts sufficient to show ownership of her alleged trademark "crystal."), *aff'd*, 86 F.3d 1151 (4th Cir. 1996).

believing that the interest will be damaged--likelihood of injury will not be presumed) (citations omitted).

In this case, Plaintiff asserts no facts to show that he has a reasonable interest that would allow him to bring suit under 15 U.S.C. §1125(a).  He alleges he is a "common law and established owner" of the trademark.  (Dkt. 1 at ¶9.)  However, aside from this unsupported assertion, he pleads no facts that would support this statement.  He asserts ownership of a pending United States trademark *application* which has been *rejected* by the USPTO.  *Id.* at ¶9; *see also* Rehman Dec. ¶14, Ex. 15.  In addition, the mere filing of a trademark application does not confer ownership rights on the applicant.  *Swartz v. Schering-Plough Corp.*, 53 F. Supp. 2d 95, 101 (D. Mass. 1999).  It is only after the mark is approved and registered by the U.S. Patent and Trademark Office that the presumption of ownership applies.  *Id.*[4]

He does not, nor can he, allege that he is the owner of a registration for the JANG mark, nor does he allege any use of the Mark in connection with any particular goods or services in the United States that might show that he has a reasonable interest in the mark.  He alleges only that he has been "using the . . . logo since June 23, 2004 in connection with the news publication; broadcasting; telecommunication; news; entertainment; live shows; comedy."  (Dkt. 1 at ¶9.)  Aside from this unsupported threadbare recital, he pleads no specific facts to support this statement.  He does not attach any examples of his alleged use of the Mark, he does not state what the exact products or services are that he allegedly offers in connection with the Mark, (instead, he merely quotes the broad range of services recited in his trademark application) and he does not allege ***where*** or ***how*** he has used the Mark, what business he is in, or whether the

---

[4] Further, in the United States, trademark rights are granted to the first party to ***use*** a trademark in the United States, not the first to file an application.  *See* J. McCarthy, *McCarthy on Unfair Competition* § 16:4 (4th ed. 2013) ("it is not registration, but only actual use of a designation as a mark that creates rights and priority over others."

alleged use has been continuous and uninterrupted.  In fact, he does not even specifically allege that he has used the Mark in the United States.  *Int'l Healthcare Exchange, Inc. v. Global Healthcare Exchange, LLC*, 470 F. Supp. 2d 365, 370 (S.D.N.Y. 2007) (If Plaintiff has never used the trademark in U.S. commerce, it has no rights to enforce under the Lanham Act).  The only use of the Mark identified in the Complaint is *Defendant's* use in Annexure-B, which shows use of the JANG trademark by the Jang Group.

Without more than a threadbare conclusory statement that he is an owner and/or that he has used the Mark on unspecified goods and/or services in an unspecified territory, he has not pled facts sufficient to that he has any recognizable commercial interest in the Mark and thus has failed to establish standing to sue.  *Omega SA v. 375 Canal, LLC,* No. 12-cv-6979-PAC, 2013 WL 2156043, at *2 (S.D.N.Y. May 20, 2013) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do") (internal citations and quotations omitted);  *Pearson*, 919 F. Supp. 2d at 436 ("[A] plaintiff's obligation … requires more than labels and conclusions…") (internal citations and quotations omitted).  If Plaintiff cannot even plead facts sufficient to support ownership of the trademark, and thus lacks standing to sue for infringement, he has little or no chance of success on the merits of his infringement claim.

> **2.      Plaintiff is not Likely to Succeed on the Merits Because the Complaint Fails to State a Claim.**

Even if Plaintiff could show standing to sue for trademark infringement or unfair competition under 15 U.S.C. §1125(a), Plaintiff's Complaint also fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  A complaint must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted).  To

defeat a motion to dismiss, plaintiff's complaint must be "facially plausible," and must allow the court to draw a reasonable inference that defendant is liable for the claims alleged. *Omega*, 2013 WL 2156043, at *2.  To do so, a plaintiff must provide the grounds of his entitlement to relief beyond labels and conclusions—a "formulaic recitation of the elements of a cause of action will not do." *Id.*

In addition to Plaintiff's complete failure to plead any facts that would support its standing to bring this suit in the first place, Plaintiff has also failed to allege facts that would support each and every element of a trademark infringement or unfair competition claim.[5]  A cause of action for trademark infringement of an unregistered mark requires a plaintiff to prove that: 1. the trademark is valid and legally protectable; 2. the plaintiff has ownership of the mark; 3. that defendant's use is *likely to cause confusion* as to the origin of goods or services. *Genesee Brewing Co. v. Stroh Brewing Co*., 124 F.3d 137 (2d Cir. 1997).  Further, in order to show that his alleged unregistered mark is protectable, Plaintiff must show that the mark is inherently distinctive or has acquired secondary meaning. *Jade Apparel, Inc. v. Steven Schor, Inc.*, No. 11-cv-2955-KNF, 2013 WL 498728, at *9 (S.D.N.Y. Feb. 11, 2013).  Plaintiff's complaint fails to plead facts that would support several elements of an infringement claim.

First of all, Plaintiff fails to plead facts sufficient to allege confusion as to the use and origin of goods or services or any injury resulting therefrom.  Plaintiff alleges in Paragraph 10 of his Complaint that the "[i]mpugned logo being used by the Defendant is confusingly similar to the Mark of the Plaintiff."  (Dkt. 1 at ¶10.)   In Paragraph 12, Plaintiff alleges that GEO is "using the mark of the Plaintiff on Facebook and Twitter for the publicity" and "saturating the mark of

---

[5] The elements of trademark infringement and unfair competition claims are nearly identical, and therefore this analysis will only address trademark infringement, but is applicable to both. *Allied Interstate LLC v. Kimmel & Silverman P.C.*, No. 12-cv-4204-LTS-SN, 2013 WL 4245987, at *5 (S.D.N.Y. Aug. 12, 2013)(citations omitted).

the Plaintiff and thus is causing very serious loss and damage to the mark." *Id.* at ¶12.   In Paragraph 13, Plaintiff alleges that GEO is "using the Plaintiff's mark to divert customers and further mislead and deceive the customers of the Plaintiff." *Id.* at ¶13.   However, Plaintiff fails to allege facts that would support these conclusory statements. *Strikeforce Tech., Inc. v. Phonefactor, Inc.*, No. 13-cv-490-RGA-MPT, 2013 WL 6002850, at \*2 (D. Del. Nov. 13, 2013) (the standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (internal citations and quotations omitted).   First, Plaintiff does not specify from where Defendant is alleged to divert the traffic.   Plaintiff does not allege that he has his own television program or website, or has his own news publications, nor any other business from which "traffic" or any other business could be diverted.   Second, Plaintiff fails to sufficiently allege how he is injured by the alleged "diversion of traffic."   Plaintiff does not allege any lost sales, and in fact does not even allege that he sells a product or service.   Plaintiff makes only general allegations that the use of the mark has caused his business to "suffer[ ] heavy losses due to confusion," "that the infringement is causing saturation of the mark" and "irreparable loss to the brand identity" personal "mental torture, mental agony and stress," "irreparable loss and damage to his business and goodwill gained thereby" and "monetary damages of $5 Million." (Dkt. 1 at ¶¶18-22, 34.)   These conclusory allegations, without factual allegations of specific harm, are insufficient to withstand a motion to dismiss for failure to state a claim.

In addition to Plaintiff's failure to plead facts sufficient to support the elements of confusion and injury, Plaintiff has also failed to plead any facts that would establish that he was the *first to use* the trademark in U.S. commerce or that he has *used the mark continuously* since its adoption. *See* J. McCarthy, *McCarthy on Unfair Competition* § 16:4 (4th ed. 2013) ("it is not registration, but only actual use of . . . a mark that creates rights and priority over others").

11

Plaintiff's only allegation related to use is that he has used the mark "since June 23, 2004 in connection with the news publication; broadcasting; telecommunication; news; entertainment; live shows; comedy." (Dkt. 1 at ¶9.) Plaintiff does not allege that the Mark has been used by him continuously since its alleged adoption in 2004.

Thus, Plaintiff not only lacks standing to sue for trademark infringement or unfair competition, but also has failed to state a claim upon which relief can be granted under Federal Rule 12(b)(6) and thus, this he is not likely to succeed on the merits of his claim.

### 3. Plaintiff Has No Likelihood of Success on the Merits Because He Has Failed To Establish Any Likelihood of Confusion.

Aside from the failings of Plaintiff's initial Complaint, even if the Complaint were able to withstand Defendant's Motion to Dismiss for lack of standing and failure to state a claim, Plaintiff's Motion for a Preliminary Injunction must be denied because Plaintiff has failed to submit *any evidence* that would support a likelihood of success on the merits of his infringement claim. Specifically, Plaintiff has submitted no evidence of ownership of the trademark he alleges is infringed and no evidence to support that there is a likelihood of confusion concerning the origin of the parties' goods and services.

To prove trademark infringement, a plaintiff must demonstrate that: (1) the mark is valid and legally protectable; (2) plaintiff owns the mark; and (3) the defendant's use of its mark to identify goods or services is likely to create confusion concerning the origin of the goods or services. *Genesee Brewing Co.*, 124 F.3d 137.[6] As set forth above, plaintiff has not pled facts in

---

[6] The Second Circuit applies an eight-factor Polaroid balancing test in determining whether there is a likelihood of confusion The eight factors are: (1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that the senior user may "bridge the gap" by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of consumers in the relevant market. *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961). No single *Polaroid* factor is determinative in a likelihood of confusion analysis, and each factor

his Complaint sufficient to establish ownership of the trademark he alleges is infringed.  He has not provided any additional facts in his Motion for Preliminary Injunction that establishes ownership or a right to the trademark he alleges is infringed.

Similarly, plaintiff has not provided any evidence of any likelihood of confusion as to the origin of the respective goods or services of Plaintiff and Defendant.  Plaintiff's argument in his Opening Brief on the Preliminary Injunction Motion is that the marks are identical, are used on the same services and the Mark is a strong mark, thus confusion and consequential irreparable harm should be presumed.  Plaintiff provides no factual support for any of these arguments. (Dkt. 2 at pp. 6-7.)

While Defendant does not dispute that the marks at issue in this action are identical, Defendant does dispute that Plaintiff has any ownership right to the Mark.  As set forth above, Defendant is the actual owner of the JANG trademark.  *See supra* at pp. 3-4.  Plaintiff has not come forth with any evidence that plaintiff actually uses the Mark in connection with any products or in connection with the offering of any goods or services.  Plaintiff's only allegation is that "[p]laintiff is involved in broadcasting and media industry and the Application has been filed in class 38 and 41 relating to broadcasting and entertainment."  (Dkt. 2 at p. 7.)

Second, based on this same statement Plaintiff claims that the services offered by plaintiff and Defendant are identical.  However, Plaintiff provides no evidence of his use of the JANG trademark.  Plaintiff just claims to be somehow involved in the broadcasting and media industry. *Id.*  Without any explanation of how Plaintiff is involved in the broadcasting and media industry, or any showing of how, where, when and if Plaintiff is actually using the JANG trademark, there is no evidence that the services provided by Plaintiff and Defendant are identical.  Further,

---

must be weighed and balanced against the others.  *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 115 (2d Cir. 2009).

without any use by Plaintiff, there can be no likelihood of confusion as to the source of Plaintiff and Defendant's respective services.

Third, Plaintiff argues that evidence of actual confusion is among the strongest evidence for likelihood if confusion.  However, Plaintiff fails to submit any evidence of any actual confusion.  (Dkt. 2 at p. 8.)

Finally, Plaintiff argues that JANG is a strong mark because it is inherently distinctive and because it has been in use by Plaintiff allegedly since June 23, 2004.  Again, Plaintiff has come forth with no evidence to show that he uses the Mark at all, let alone since June 23, 2004. Thus, since Plaintiff has provided no facts to substantiate any of its allegations either in its Complaint or in its Motion for Preliminary Injunction, he has not met his high burden of showing likelihood of confusion and thus has failed to show a likelihood of success on the merits with respect to the alleged infringement.  Because Plaintiffs cannot succeed on the merits of their claim for infringement, Plaintiff's Motion for a Preliminary Injunction should be denied.

> **4.      Plaintiff Has No Likelihood of Success on the Merits Because He Has Not Shown that the Party Sued Uses the Allegedly Infringed JANG Mark.**

In addition to the fact that Plaintiff's claims fail for all the reasons set forth above, Plaintiff has also sued the incorrect entity.  The owner of the <<www.jang.com.pk>> website is the Jang Group as set forth on the contact page of the website.  Rehman Dec. ¶3, Ex. 1.  GEO, the named defendant in this action, does not own or control this website, nor does it publish or distribute any JANG brand publications.  *Id. at ¶5.*  Plaintiff appears to be alleging that GEO is a "sister concern" company of the website owner.  (Dkt. 1 at ¶1.)  However, Plaintiff has alleged no facts that support this contention.  In fact, GEO is an independent company from the Jang Group.  Rehman Dec. ¶5.  Thus, since GEO does not even use the allegedly infringed JANG mark, Plaintiff has no likelihood of success on the merits of an infringement claim against GEO.

14

**B.      Plaintiff Has Not Shown That He Will Suffer Irreparable Harm.**

Plaintiff, citing to District of Massachusetts case law, claims that irreparable harm should be presumed because he has shown a likelihood of success on the merits.[7]  However, as set forth above, Plaintiff has failed to show likelihood of success on the merits.  In fact, Plaintiff has failed to even set forth facts sufficient to plead a cause of action in his Complaint.  Thus, there should be no presumption of irreparable harm under such circumstances.

Further, Plaintiff's speculative statements regarding the diversion or deception of Plaintiff's customers caused by Defendant's alleged infringement "are insufficient to provide the required showing of irreparable harm."  *Quickie Mfg. Corp. v. The Libman Co.*, 180 F. Supp. 2d 636, 651 (D.N.J. 2002).  Plaintiff has come forth with no evidence to show any diverted customers or any confusion, deception, loss of sales or loss of goodwill except for the unsupported statements in his opening brief.  Plaintiff does not even set forth what his business is from which his customers are allegedly being diverted.  Nor does he set forth who his customers are, in what channels of trade his alleged product or services are in, or any basis for any deception or confusion that has allegedly occurred.  Any alleged harm to Plaintiff is speculative, at best.  Moreover, any alleged harm that Plaintiff could suffer, if he actually had any use of the Mark or a business from which customers could be diverted, could be remedied by monetary compensation. *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995) (preliminary injunction should not issue if moving party can be adequately compensated by monetary damages).  Preliminary injunctive relief is completely unwarranted, especially in light of the fact that the Jang Group has been using the JANG mark in the United States for many, many years.

---

[7] Defendant notes that throughout Mr. Ahmed's Brief (Dkt. 2), he cites to Massachusetts and 1st Circuit case law.

**C.      The Threatened Injury to Defendant Outweighs Any Damage to Plaintiff.**

The balance of hardships strongly favors Defendant.  Defendant is the largest media company in Pakistan.  Rehman Dec. ¶1.  It has expended significant resources in developing a following in the United States.  If Defendant is enjoined from being able to sell its own publications, run its website and broadcast its own programming in the United States in connection with its own JANG trademarks, this could be detrimental to its long-standing favorable reputation in the marketplace and could severely damage its business and goodwill in the United States.  Further, Plaintiff has not shown how it would be harmed in any way should an injunction not issue.  Plaintiff's speculative claims of harm cannot tip the balance of equities in its favor.  In contrast to the minimal risks, if any, associated with the denial of an injunction, the entry of an injunction would severely damage Defendant and its reputation.

The damage to Defendant's reputation and goodwill if an injunction is improperly entered is immeasurable.  Defendant will likely lose its U.S. following for its JANG brand if it is forced to cease use of JANG in the United States.  All the U.S. followers that it has built up over decades of use will likely be lost, as the JANG brand products and services will be seen as unreliable and its reputation in the marketplace will be damaged.

**D.      The Public Interest Favors Denial of the Injunction.**

The public interest would best be served by denying the preliminary injunction.  In a case such as this, where a plaintiff files a complaint which fails to even allege facts sufficient to establish standing and borders on frivolous, the Court should not entertain a motion for preliminary injunction.  To do so would be to promote the continued filing of such claims and fail to provide a needed deterrent against such cases in the future.  This is not merely a case with a Plaintiff with a weak claim—this is a case in which the Plaintiff has already been told in four different decisions from the District Court of Massachusetts that he does not have standing to sue

for infringement of the JANG trademark.   However, despite this, Plaintiff filed another suit accusing another party of infringement of the same trademark that another Federal Court has already told him he does not own.   The public interest in this case weighs heavily in favor of denying this motion and dismissing the Complaint with prejudice.   To continue to allow Plaintiff to bring such meritless suits and waste the Court's time and force numerous defendants to incur tremendous costs to defend against such suits is inequitable.   Plaintiff cannot be allowed to continue on such a course.

### E.   Plaintiff's Baseless Complaint makes this case "exceptional" and therefore Defendant is entitled to attorneys' fees under 15 U.S.C. §1117.

Under the Lanham Act, an award of attorney's fees to a successful defendant is appropriate when the suit is brought in bad faith or "for harassment and the like."   S. Rep. No. 1400, 93d Cong., 2d Sess. 5, 6 *reprinted in* 1974 U.S.C.C.A.N. 7132, 7136 (1974); *Faberware Licensing Co. v. Meyer Mktg. Co.*, 428 F. App'x 97, 100 (2d Cir. 2011) (The focus of the bad faith inquiry in the exceptional cases context is whether the plaintiff had a credible, good faith basis on which to rest its Lanham Act claims.)   In the Second Circuit, "where . . . the prevailing party is a defendant, the cases demonstrate that the plaintiff's pursuit of patently frivolous claims is circumstantial evidence of bad faith."   *National Distillers Prods. v. Refreshment Brands, Inc.*, No. 00 Civ. 8418, 2002 WL 1766548, at *1 (S.D.N.Y. July 30, 2002); *Mennen Co. v. Gillette Co.*, 565 F. Supp. 648, 657 (S.D.N.Y. 1983) (awarding attorney's fees and costs to defendant under the Lanham Act where the facts warranted an inference that this suit was initiated as a competitive ploy since Plaintiff's claims had no real substance), *aff'd*, 742 F.2d 1437 (2d Cir. 1984).

There can be no doubt that this newest lawsuit filed by Mr. Ahmed was meritless and in bad faith.   Mr. Ahmed had already been informed by the District Court of Massachusetts four

times that he did not have ownership rights to the mark JANG.  Rehman Dec. ¶9, Exs. 5-8, ¶¶10-12, Exs. 9-12.  He has not plead anything different in this action.  It is circumstances like these where the Courts should award attorney's fees to the prevailing defendant who has to defend against a suit that Plaintiff did not having standing to bring in the first place (and which he knew prior to filing).  *Contractual Obligation Prods., LLC v. AMC Networks, Inc*., 546 F. Supp. 2d 120, 131 (S.D.N.Y. 2008) (awarding attorney's fees to defendant when Plaintiff's Lanham Act claim was completely lacking in legal merit and plaintiff had actual knowledge that its claims was baseless).

The fact that Mr. Ahmed claims to be proceeding as a *pro se* Plaintiff should not make a difference.  *See, e.g., Hamptons Locations, Inc. v. Rubens*, No. CV 01-5477, 2011 WL 11076458, at *3, n.4 (E.D.N.Y. Feb. 14, 2011) (it is permissible under the Lanham Act to award attorneys' fees against a *pro se* litigant); *Attia v. Society of New York Hosp*., 12 F. App'x 78 (2d Cir. 2001) (it is within the Court's discretion to award attorneys' fees against a *pro se* plaintiff); *Dolen v. Rylas,* No. 09-cv-2120-T-23AEP, 2012 WL 983787, at *4 (M.D. Fl. Feb. 10, 2012) (awarding attorney's fees against a *pro se* Plaintiff for filing "baseless motions" and requiring Defendant's counsel to perform "unnecessary work").

Mr. Ahmed has now filed at least eight lawsuits in Federal Court alleging trademark infringement of trademarks he does not own and for which he has no standing to sue.  He has caused numerous Defendants to incur costs and fees associated with defending these meritless suits.  There is no reason to believe that he will stop filing such lawsuit unless there is some sanction or consequence to him.  This is exactly the type of "exceptional" case for which the Lanham Act authorizes attorneys' fees and costs to the prevailing party.  15 U.S.C. §1117.  Equitable considerations and Plaintiff's culpable conduct clearly require a grant of attorneys'

fees and costs.  Defendant has been forced to spend considerable money, energy and resources to defend against Plaintiff's multiple baseless lawsuits in multiple jurisdictions.  *Contractual Obligation,* 546 F. Supp. 2d at 131.  To make matters worse, Defendant has been forced to spend this time and energy defending itself against infringement lawsuits for lawfully and validly using *its own trademarks*.  Plaintiff is clearly engaging in bad faith conduct by filing these groundless claims, and equitable considerations require that the Court dismiss Plaintiff's Complaint, and grant attorneys' fees and costs to Defendant.

## IV.    CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court deny Plaintiff's Motion for Preliminary Injunction, grant Defendant's Motion to Dismiss and award attorney's fees and costs to Defendant.

Dated:    October 1, 2014              ALSTON & BIRD LLP
          New York, New York


                            By:    ___/s/ Lara A. Holzman_____
                                   Lara Holzman (LH-8355)
                                   90 Park Avenue
                                   New York, New York 10016
                                   Tel:    (212) 210-9400
                                   Fax:    (212) 210-9444
                                   Email:  lara.holzman@alston.com

                                   *Attorneys for Defendant GEO USA LLC*

19

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 1st day of October 2014, a copy of the *Defendant's Memorandum In Opposition To Plaintiff's Motion For Preliminary Injunction and Defendant's Memorandum in Support of Defendant's Motion to Dismiss the Complaint Under Federal Rules 12(b)(1) and 12(b)(6)* ("Defendant's Brief") was served by overnight delivery, pursuant to Local Civil Rules 7.2, and 12.1.  A copy of Defendant's Brief, all exhibits thereto, together with a true and correct copy of all necessary cases and other authorities cited by Defendant therein, as well as the required Notice to *Pro Se* Litigants of the filing of a Rule 12 Motion and a copy of Federal Rule 56, was sent by overnight delivery service to Plaintiff, as follows:

> Mr. Naeem Ahmed
> 93 S. Jackson Street, Suite 23801
> Seattle, WA 98104

Dated:   October 1, 2014           ALSTON & BIRD LLP
         New York, New York


         By:       /s/ Lara A. Holzman
                   Lara Holzman (LH-8355)
                   90 Park Avenue
                   New York, New York 10016
                   (212) 210-9400
                   (212) 210-9444 (fax)

         *Attorneys for Defendant GEO USA LLC*