```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/24/14
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Mr. NAEEM AHMED

      **Plaintiff**

V.

GEO USA LLC,

      **Defendant**

14-CV-7486 (JMF)

### MEMORANDUM OF LAW
### IN OPPOSITION TO DEFENDANTS MEMORANDUM IN
### OPPOISITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY
### INJUNCTION IN OPPOSITION TO DEFENDANT'S
### MOTION TO DISMISS UNDER RULE 12 (B) (1) AND 12 (B)(6)

Plaintiff
Mr. NAEEM AHMED
Address: 93 S, Jackson Street,
Suite 23801,
Seattle, WA 98104

Dated: 10.11.2014

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES...................................................................3

PRELIMINARY STATEMENT...........................................................4

STATEMENT OF FACTS ..................................................................5

LEGAL ARGUMENT .......................................................................7

A. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF HIS CLAIMS
...................................................................................................8

  I.    PLAINTIFF HAS STANDING TO SUE ....................................7

  II.   PROPER CLAIM UNDER FED. R. CIV. P (12)(B)(6) .............9

  III.  LIKELIHOOD OF CONFUSION ...........................................11

  IV.  PARTY SUED IS DIRECTLY INVOLVED IN INFRINGEMENT .........11

B. PLAINTIFF WILL SUFFER IRREPARABLE HARM ...................................11
C. DAMAGE TO PLAINTIFF OUTWEIGHS ANY DAMAGE TO
    DEFENDANT ...........................................................................11
D. PUBLIC INTERST FAVOURS GRANT OF THE INJUNCTION ...............11
E. DEFENDANT IS NOT ENTITLED TO THE ATTORNEY'S FEES ...........11

CONCLUSION ...............................................................................13

ANNEXURE - A ............................................................................14

## TABLE OF AUTHORITIES

- Ralia v. U.S., 355 F.3rd 118, 119, (2d Cir. 2004)
- Lunney v. U.S., 319 F. 3d 550, 554 (2d cir. 2003))
- Govind v. Felker, No. 2:08 CV-01183, 2011 U.S. Dist. LEXIS 68259, at *4 (C.D. Cal. June 18, 2011)
- Conley v. Gibson, 355 U.S. 41, 45-46 (1957)
- Grisham v. United States, 103 F.3d 24, 25-26 (5th Cir. 1997)
- Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)
- Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989)
- Oppenheimer v. Prudential Sec. Inc., 94 F.3d 189, 194 (5th Cir. 1996)
- Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)
- Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992)
- Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994)
- Manwin Licensing Int'l S.A.R.L. v. ICM Registry, LLC, CV 11-9514, 2012 U.S. Dist. LEXIS 125126, at *10 (C.D. Cal. Aug. 14, 2012)
- Coal for ICANN Transparency, Inc. v. Verisign, Inc., 611 F.3d 495, 500 (9th Cir. 2010)
- Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007)
- Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

## PRELIMINARY STATEMENT

Plaintiff Naeem Ahmed (**"Plaintiff"**) submits this memorandum of law (**"Memorandum"**) in opposition to Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction and Defendant's Memorandum in Support of Defendant's Motion to Dismiss the Complaint Under Federal Rules 12 (B) (1) and 12 (B) (6) submitted by Geo USA Llc (**"the Defendant"**) to dismiss the Plaintiff's Motion for Preliminary Injunction and the complaint on the grounds of not likely to succeed on the merits of his claims for he lacks standing to sue, for failing to state a claim, for not establishing any likelihood of confusion and for he has not shown that the party sued uses the allegedly infringed Jang mark and that the Plaintiff has failed to show that he will suffer irreparable harm, threatened injury to the Defendant outweighs any damages to the Plaintiff, public interest favors denial of the injunction and the Defendant's claim to entitlement to Attorney's Fees (**"the Motion"**).

That, as to the objections raised by the Defendant in the Motion, the Plaintiff submits that the objections are false, *mala fide,* misguiding based on wrong and incorrect information and thus out rightly denied. The Defendant has taken the unlawful advantage of the weaker position of a pro se litigant and has misguided the Hon'ble Court by bringing many false and mala fide claims and statements against the Plaintiff to vilify and threaten the Plaintiff in the start of the proceedings.

That, the premise and content of the Motion by the Defendant is out rightly denied, unless expressly admitted herein. The detailed reply to the objections and legal issues raised in the Motion is provided herein below.

## STATEMENT OF FACTS

That it is reiterated that the Plaintiff is the established owner of the Mark in United States and the application for the registration of the same is also pending before USPTO, bearing serial Number: 86123767. It is worth mentioning here that, before the filing of the same the Plaintiff being the *bona fide* user and owner of the mark, diligently searched the applied mark in USPTO database and found no such mark having similarity with the mark of the Plaintiff. The Plaintiff has been using the same logo since June 23, 2004 in connection with the news publication through internet and broadcasting of videos and documentaries through the medium of internet and has thousands of viewers and readers of the same since last many years.

That, to shock and dismay of the Plaintiff, it has recently disclosed to the Plaintiff that the Defendant is using the mark of the Plaintiff which is very similar and identical to the Mark of the Plaintiff. The Defendant is using the Mark name and the stylized logo of the Plaintiff as its own, without the permission and consent of the Plaintiff.

That the Defendant is using the mark of the Plaintiff in its programs for the promotion of its news services and as the display logo on the website on its website www.jang.com.pk and also in print on its newspaper on every day basis in the United States of America. The websites of the Defendant and its sister concern companies are linked to the online newspaper published by the Defendant and is seen by large majority of south Asian diaspora living in United States.

The act of infringement through the fiery medium of internet is further causing the dilution of the mark of the Plaintiff and thus is causing very

serious loss and damage to the mark of the Plaintiff. The URL's causing infringements and dilutions on the internet are given hereunder:

http://jang.com.pk/
https://www.facebook.com/JangDotComDotPk
https://twitter.com/jang_akhbar

That the Defendant is using the Plaintiff's mark to divert viewers and readers and further to mislead and deceive the viewers and readers of the of the Plaintiff in violation of multiple international conventions, treaties as well as criminal laws and civil laws regarding mark infringement, counterfeiting, and unfair competition. The Defendant has acted *mala fide* and his act of using Plaintiff's mark in his business is illegal, unlawful, unauthorized and damaging to the name, business and repute of the Plaintiff. The Defendant's intermingling of the different facts is an effort to confuse and conflate the claim of the Plaintiff and further to usurp the rights of the Plaintiff. The Defendant's use of the Plaintiff's mark and at the same breath denying the likelihood of confusion is clear example of trademark trolling and unfair competition. The Defendant's reliance on previous disposed off claims against other parties shows the desperation and a mala fide attempt to misguide and divert the attention of the court from the real claim. Further the Defendant's claim that the Defendant and the Jang are separate entities is also denied for being false and frivolous as GEO and Jang Group are interlinked entities with interlinked network of business and services. The infringement of the Plaintiff's mark is also been done through sources which are accessible from the Defendant and also from its sister concern companies.

Plaintiff is confident to produce sufficient evidence of ownership and use of the mark and infringement of the mark by the Defendant as and when directed by the court or at the stage of discovery.

The Defendants claim regarding the prior use of the mark are also denied vehemently as the Plaintiff has been using the mark since 2004 in United States through its website  whereas the Defendant has only applied for the mark in United States after the filing of the Application of the Defendant. That shows that Defendant is not a bona fide owner of the mark and had no concern with the mark. The Defendant has made it a habit to steal the well known marks of other people in the United States market and show them as their own to gain immediate response and to divert the hard earned fan base and viewership of other parties.

The mala fide of the Defendant is also obvious from the fact that the same has misguided the Court with reference to disposed of litigation in the Court of Massachusetts. It is clarified that claims filed in the court of Massachusetts were on different issue and against different Parties. The Defendant in this case was not a party in the claims filed in Massachusetts.

The Plaintiff is the established owner of the mark and is the first to use the same in United States, first to file the said trademark applications in the United States therefore, even on the basis of priority and preference, is the lawful owner of the Mark. Plaintiff being the *bona fide* applicant made all possible searches for the Mark and no such mark was registered in the database of USPTO and thus applied thereafter. No such application was pending or filed before the application of the Plaintiff. Therefore, the Defendant's claim of the mark in United States is based upon *mala fide*, misguiding and illegal intentions.

## LEGAL ARGUMENTS

### I.  PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF HIS CLAIMS

Plaintiff has sufficient evidence to support his claim against the Defendant and further has sufficient evidence to prove that the Defendant is a trademark troll and is a parasite which sucks upon the business and repute of other people's business and thus targets the established marks of the established businesses for its unfair advantage.

As it has been established that in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (1), the court should accept as true all of the factual allegations in the complaint and must draw all reasonable inferences in favour of the non-moving party *(Ralia v. U.S., 355 F.3rd 118, 119, (2d Cir. 2004); Lunney v. U.S., 319 F. 3d 550, 554 (2d cir. 2003)).*

For the reasons mentioned herein below the Plaintiff sufficiently puts forward that the Plaintiff is likely to succeed on the merits of his claims.

### A.  PLAINTIFF HAS STANDING TO SUE

The Plaintiff is the *bona fide* and established owner of the mark and is the direct victim of the infringement of the Mark and thus has suffered heavy losses in consequence. The Plaintiff being the victim

and bearer of loss has the every right under the constitution to claim the protection of its rights and has the proper and undoubted *"locus standi"* in the matter in hand.

The allegations of the Defendant regarding separate litigation in Massachusetts, as has already been mentioned, is mala fide and is brought up here to confuse and conflate the claim of the Plaintiff; the referenced litigation was on separate matter against separate parties. The Defendant's reliance on the technical errors of a Pro se litigant is based on bad faith and the same cannot take the advantage of the errors of the Plaintiff as the technical errors do not abolish the rights of the Plaintiff otherwise guaranteed by the law.

The Plaintiff reiterates that the Plaintiff has been using the mark predominantly in United States through its website, used for the publication and broadcast of online news. The Plaintiff initiated this project to provide easy and accessible Asian regional news service for the Asian Diasporas living in west predominantly in United States. The local Asian population of United States is very familiar with the services and is frequent visitor of the website for the regional news. The Plaintiff's website has thousands of daily viewers and the number of viewers significantly dropped since the infringement and use of the mark by the Defendant and the same number of viewers is falling on every day basis. The Plaintiff has hard earned repute, reliability of the source, good will linked to the news services due to its long standing service and fan base. The Plaintiff has every right to stand up to protect its long established, famous and well known mark. The Plaintiff also clarifies that the Plaintiff is unaware of the use or familiarity of the Defendant's mark in Pakistan but the mark in United States is known and read due to the services of the Plaintiff

and has acquired sufficient good will and repute among the Asian Diasporas.

Since the Plaintiff's mark has acquired sufficient good will and repute in the United States, has been used in United prior to the mark of the Defendant, the Application was filed prior to the filing of the Defendant which shows sufficient grounds in favor of the Plaintiff and thus the same have clear standing to sue the Defendant and sufficiency of grounds suggests likelihood to succeed on the merits of the claim.

## B. **PROPER CLAIM IS STATED**

It is settled principle of law that "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Govind v. Felker, No. 2:08 CV-01183, 2011 U.S. Dist. LEXIS 68259, at *4 (C.D. Cal. June 18, 2011).* The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough

clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). Further, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). This is consistent with the well established policy that the plaintiff be given every opportunity to state a claim. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *See Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

Further it was also set out that "In evaluating the sufficiency of a complaint under Rule 12(b) (6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief." *Manwin Licensing Int'l S.A.R.L. v. ICM Registry, LLC, CV 11-9514, 2012 U.S. Dist. LEXIS 125126, at *10 (C.D. Cal. Aug. 14, 2012)*. And also that "[A]ll allegations of material fact are taken as true and are construed in the light most favorable to [the plaintiff] (*Coal for ICANN Transparency, Inc. v. Verisign, Inc., 611 F.3d 495, 500 (9th Cir. 2010)*.

A complaint must meet a standard of "plausibility." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).* A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (*Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).* Plausibility "is not akin to a 'probability requirement,'" rather, it requires "more than a sheer possibility that a defendant has acted unlawfully." It is very clear from the contents of the complaint, and the same has already been stated herein above that the Plaintiff has sufficient evidence to prove the ownership, prior use, the medium of use and use since 2004 in the services being infringed by the Defendant.

## C. **LIKELIHOOD OF CONFUSION**

The Plaintiff is aware of the fact that the Defendant has used the long established Mark of the Plaintiff to attract the Asian Diasporas in the United States as the Plaintiff's news and entertainment services focused mainly on Asian issues. The Defendant used the mark of the Plaintiff to attract large number of viewers in short time by creating an impression as if the Program is a service of the Plaintiff. There is certainty of confusion between the marks as the mark used by the Defendant is very identical to the mark of the Plaintiff: in fact the Defendant has not even bothered to change the mark and has used the same mark of the Plaintiff as it is.

Likelihood of confusion would apply where there is similarity between marks but here in this case the marks are identical and same. So without any shadow of doubt the use of mark by the Defendant is creating   diversion,   dilution   and   confusion   among   the clients/customers of the Plaintiff. The Plaintiff's use in United States

is prior than the use of the Defendant if any that again in the very same industry of news and media broadcasting therefore the likelihood of the confusion is guaranteed.

## D. PARTY SUED IS INVOLVED IN THE INFRINGEMENT

The Defendant and other entities as referenced in the Defendant's motion to dismiss are all interlinked and controlled by the same management which is evident from their websites and news papers and admittedly claim to be interlinked and one as seen on their website. The Defendant and their sister concern entities promote their services and products as one on all the available forums like the programs of the Geo are being promoted in the newspaper and the Jang News paper is being promoted on the website of the Defendant and other sister concerns. In the Similar manner the defendant has been promoting and using the mark of the Plaintiff in its video programs as well as on internet. The Infringement has occurred through the channel of the Defendant and website of the defendant therefore the defendant's attempt to shift the blame and to hide behind the corporate veil iS frivolous and desperate measure only, nothing more.

## II.  PLAINTIFF WILL SUFFER IRREPARABLE HARM

The Plaintiff has been using the mark since 2004 and has gathered a hard earned repute, good will, popularity, and clientele and fan base. The Defendant's act of infringements on industrial scale will dilute and saturate the mark of the Plaintiff. The diversion of the clients and viewers of the Plaintiff on wider scale will ruin and shatter the hard earned repute, good will and business of the Plaintiff. The act of the

Defendant has so far caused diversion on great scale and has caused confusion among the customers. The harm to business and it repute and good will is such which cannot be compensated in monetary terms therefore is irreparable harm.

### III.     DAMAGE TO PLAINTIFF OUTWEIGHS DAMAGE TO DEFENDANT

The mere claim of damage by the Defendant is frivolous as there is no question of damage when the Mark is owned and established by the Plaintiff. Whatever damage is happening is occurring to the Plaintiff. The Defendant has made a desperate attempt to grab the mark of the Plaintiff for its illegal benefit. The Defendants weighing of the mark does not make any sense in the context where the same has although claimed its use since decades but has applied only a year ago that after the Plaintiff applied for its mark. The Damage to the Plaintiff is severe as the Defendant has cleverly linked its trolling of the mark to its other businesses in some other countries. The Plaintiff has invested and has spent huge amount of money and time on the mark and has spent fortune and years of hardworking to earn repute, clientele and fan base in the United States. The defendant's sudden jump in the market and later application just a year ago shows clear mala fide on part of the Defendant.

### IV. PUBLIC INTEREST FAVOURS GRANT OF INJUUNCTION

The Defendant has portrayed itself an industrial media giant and has been using the mark in the media industry since decades as claimed by the Defendant in the Motion. The Plaintiff a small scale news service provider, providing the news services through its website with

the mark 'Jang" as logo. The Plaintiff is a bona fide user of the mark and has spent huge amount and time in establishing the mark in the market. The bona fide of the Plaintiff is evident and clear that the Plaintiff searched the USPTO database before filing application for the registration of the mark and finding no similar mark in the database, the Plaintiff applied for the mark in USPTO. To the shock and surprise of the Plaintiff the Defendant filed application after few months of filing of the Plaintiff's application. On the one hand there is a medium service provide and businessman and on the other hand there is someone who claims to be a media giant since decades but has not even bothered to register its rights. The Denial of preliminary injunction would result in total loss to the Plaintiff thus outweighs in favor of the Plaintiff.

## V. <u>DEFENDANT NOT ENTITLED TO ATTORNEY'S FEES</u>

The Defendants' claim towards entitlement of the Attorney's Fees at the current stage is premature and is based upon false allegations and misguiding statements of previous litigation between the Plaintiff and other parties. The Plaintiff's claim is valid and the same will be proved and substantiated with sufficient evidence and all the allegations raised in the complaint will be substantiated with documentary evidence at the stage of discovery. Since many other facts have disclosed to the Plaintiff since filing of the Complaint and is working to collect documentary evidence to produce in discovery and prove the trolling of the Defendant.

Furthermore the Plaintiff has a valid claim over the mark and shouldn't be penalized for the technical and procedural errors as the same do not extinguish the rights of the Plaintiff.


## **CONCLUSION**

Based on the foregoing, the Plaintiff respectfully requests that the Defendant' Motion to Dismiss should be denied in its entirety.


Plaintiff
Mr. NAEEM AHMED
Address: 93 S, Jackson Street,
Suite 23801,
Seattle, WA 98104


Dated: 10.11.2014

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Mr. NAEEM AHMED

        **Plaintiff**

V.

GEO USA LLC,

          **Defendant**

14-CV-7486 (JMF)

**MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS MEMORANDUM IN
OPPOISITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY
INJUNCTION IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO DISMISS UNDER RULE 12 (B) (1) AND 12 (B)(6)</u>**

Plaintiff
Mr. NAEEM AHMED
Address: 93 S, Jackson Street,
Suite 23801,
Seattle, WA 98104

Dated: 10.11.2014

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES........................................................................3

PRELIMINARY STATEMENT.............................................................4

STATEMENT OF FACTS ....................................................................5

LEGAL ARGUMENT ..........................................................................7

A.  PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF HIS CLAIMS
    ...................................................................................................8

   I.      PLAINTIFF HAS STANDING TO SUE ....................................................7

   II.     PROPER CLAIM UNDER FED. R. CIV. P (12)(B)(6) ...........................9

   III.    LIKELIHOOD OF CONFUSION ...........................................................11

   IV.     PARTY SUED IS DIRECTLY INVOLVED IN INFRINGEMENT .........11

B.  PLAINTIFF WILL SUFFER IRREPARABLE HARM ..................................11
C.  DAMAGE TO PLAINTIFF OUTWEIGHS ANY DAMAGE TO
    DEFENDANT ..............................................................................11
D.  PUBLIC INTERST FAVOURS GRANT OF THE INJUNCTION ...............11
E.  DEFENDANT IS NOT ENTITLED TO THE ATTORNEY'S FEES ...........11


CONCLUSION ...................................................................................13

ANNEXURE - A .................................................................................14

## TABLE OF AUTHORITIES

- Ralia v. U.S., 355 F.3rd 118, 119, (2d Cir. 2004)
- Lunney v. U.S., 319 F. 3d 550, 554 (2d cir. 2003))
- Govind v. Felker, No. 2:08 CV-01183, 2011 U.S. Dist. LEXIS 68259, at *4 (C.D. Cal. June 18, 2011)
- Conley v. Gibson, 355 U.S. 41, 45-46 (1957)
- Grisham v. United States, 103 F.3d 24, 25-26 (5th Cir. 1997)
- Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)
- Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989)
- Oppenheimer v. Prudential Sec. Inc., 94 F.3d 189, 194 (5th Cir. 1996)
- Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)
- Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992)
- Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994)
- Manwin Licensing Int'l S.A.R.L. v. ICM Registry, LLC, CV 11-9514, 2012 U.S. Dist. LEXIS 125126, at *10 (C.D. Cal. Aug. 14, 2012)
- Coal for ICANN Transparency, Inc. v. Verisign, Inc., 611 F.3d 495, 500 (9th Cir. 2010)
- Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007)
- Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

## PRELIMINARY STATEMENT

Plaintiff Naeem Ahmed (**"Plaintiff"**) submits this memorandum of law (**"Memorandum"**) in opposition to Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction and Defendant's Memorandum in Support of Defendant's Motion to Dismiss the Complaint Under Federal Rules 12 (B) (1) and 12 (B) (6) submitted by Geo USA Llc (**"the Defendant"**) to dismiss the Plaintiff's Motion for Preliminary Injunction and the complaint on the grounds of not likely to succeed on the merits of his claims for he lacks standing to sue, for failing to state a claim, for not establishing any likelihood of confusion and for he has not shown that the party sued uses the allegedly infringed Jang mark and that the Plaintiff has failed to show that he will suffer irreparable harm, threatened injury to the Defendant outweighs any damages to the Plaintiff, public interest favors denial of the injunction and the Defendant's claim to entitlement to Attorney's Fees (**"the Motion"**).

That, as to the objections raised by the Defendant in the Motion, the Plaintiff submits that the objections are false, *mala fide*, misguiding based on wrong and incorrect information and thus out rightly denied. The Defendant has taken the unlawful advantage of the weaker position of a pro se litigant and has misguided the Hon'ble Court by bringing many false and mala fide claims and statements against the Plaintiff to vilify and threaten the Plaintiff in the start of the proceedings.

That, the premise and content of the Motion by the Defendant is out rightly denied, unless expressly admitted herein. The detailed reply to the objections and legal issues raised in the Motion is provided herein below.

## STATEMENT OF FACTS

That it is reiterated that the Plaintiff is the established owner of the Mark in United States and the application for the registration of the same is also pending before USPTO, bearing serial Number: 86123767. It is worth mentioning here that, before the filing of the same the Plaintiff being the *bona fide* user and owner of the mark, diligently searched the applied mark in USPTO database and found no such mark having similarity with the mark of the Plaintiff. The Plaintiff has been using the same logo since June 23, 2004 in connection with the news publication through internet and broadcasting of videos and documentaries through the medium of internet and has thousands of viewers and readers of the same since last many years.

That, to shock and dismay of the Plaintiff, it has recently disclosed to the Plaintiff that the Defendant is using the mark of the Plaintiff which is very similar and identical to the Mark of the Plaintiff. The Defendant is using the Mark name and the stylized logo of the Plaintiff as its own, without the permission and consent of the Plaintiff.

That the Defendant is using the mark of the Plaintiff in its programs for the promotion of its news services and as the display logo on the website on its website www.jang.com.pk  and also in print on its newspaper on every day basis in the United States of America. The websites of the Defendant and its sister concern companies are linked to the online newspaper published by the Defendant and is seen by large majority of south Asian diaspora living in United States.

The act of infringement through the fiery medium of internet is further causing the dilution of the mark of the Plaintiff and thus is causing very

serious loss and damage to the mark of the Plaintiff. The URL's causing infringements and dilutions on the internet are given hereunder:

http://jang.com.pk/
https://www.facebook.com/JangDotComDotPk
https://twitter.com/jang_akhbar

That the Defendant is using the Plaintiff's mark to divert viewers and readers and further to mislead and deceive the viewers and readers of the of the Plaintiff in violation of multiple international conventions, treaties as well as criminal laws and civil laws regarding mark infringement, counterfeiting, and unfair competition. The Defendant has acted *mala fide* and his act of using Plaintiff's mark in his business is illegal, unlawful, unauthorized and damaging to the name, business and repute of the Plaintiff. The Defendant's intermingling of the different facts is an effort to confuse and conflate the claim of the Plaintiff and further to usurp the rights of the Plaintiff. The Defendant's use of the Plaintiff's mark and at the same breath denying the likelihood of confusion is clear example of trademark trolling and unfair competition. The Defendant's reliance on previous disposed off claims against other parties shows the desperation and a mala fide attempt to misguide and divert the attention of the court from the real claim. Further the Defendant's claim that the Defendant and the Jang are separate entities is also denied for being false and frivolous as GEO and Jang Group are interlinked entities with interlinked network of business and services. The infringement of the Plaintiff's mark is also been done through sources which are accessible from the Defendant and also from its sister concern companies.

6 | 1 6

Plaintiff is confident to produce sufficient evidence of ownership and use of the mark and infringement of the mark by the Defendant as and when directed by the court or at the stage of discovery.

The Defendants claim regarding the prior use of the mark are also denied vehemently as the Plaintiff has been using the mark since 2004 in United States through its website  whereas the Defendant has only applied for the mark in United States after the filing of the Application of the Defendant. That shows that Defendant is not a bona fide owner of the mark and had no concern with the mark. The Defendant has made it a habit to steal the well known marks of other people in the United States market and show them as their own to gain immediate response and to divert the hard earned fan base and viewership of other parties.

The mala fide of the Defendant is also obvious from the fact that the same has misguided the Court with reference to disposed of litigation in the Court of Massachusetts. It is clarified that claims filed in the court of Massachusetts were on different issue and against different Parties. The Defendant in this case was not a party in the claims filed in Massachusetts.

The Plaintiff is the established owner of the mark and is the first to use the same in United States, first to file the said trademark applications in the United States therefore, even on the basis of priority and preference, is the lawful owner of the Mark. Plaintiff being the *bona fide* applicant made all possible searches for the Mark and no such mark was registered in the database of USPTO and thus applied thereafter. No such application was pending or filed before the application of the Plaintiff. Therefore, the Defendant's claim of the mark in United States is based upon *mala fide*, misguiding and illegal intentions.

# LEGAL ARGUMENTS

## I.  PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF HIS CLAIMS

Plaintiff has sufficient evidence to support his claim against the Defendant and further has sufficient evidence to prove that the Defendant is a trademark troll and is a parasite which sucks upon the business and repute of other people's business and thus targets the established marks of the established businesses for its unfair advantage.

As it has been established that in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (1), the court should accept as true all of the factual allegations in the complaint and must draw all reasonable inferences in favour of the non-moving party *(Ralia v. U.S., 355 F.3rd 118, 119, (2d Cir. 2004); Lunney v. U.S., 319 F. 3d 550, 554 (2d cir. 2003))*.

For the reasons mentioned herein below the Plaintiff sufficiently puts forward that the Plaintiff is likely to succeed on the merits of his claims.

## A.  PLAINTIFF HAS STANDING TO SUE

The Plaintiff is the *bona fide* and established owner of the mark and is the direct victim of the infringement of the Mark and thus has suffered heavy losses in consequence. The Plaintiff being the victim

and bearer of loss has the every right under the constitution to claim the protection of its rights and has the proper and undoubted *"locus standi"* in the matter in hand.

The allegations of the Defendant regarding separate litigation in Massachusetts, as has already been mentioned, is mala fide and is brought up here to confuse and conflate the claim of the Plaintiff; the referenced litigation was on separate matter against separate parties. The Defendant's reliance on the technical errors of a Pro se litigant is based on bad faith and the same cannot take the advantage of the errors of the Plaintiff as the technical errors do not abolish the rights of the Plaintiff otherwise guaranteed by the law.

The Plaintiff reiterates that the Plaintiff has been using the mark predominantly in United States through its website, used for the publication and broadcast of online news. The Plaintiff initiated this project to provide easy and accessible Asian regional news service for the Asian Diasporas living in west predominantly in United States. The local Asian population of United States is very familiar with the services and is frequent visitor of the website for the regional news. The Plaintiff's website has thousands of daily viewers and the number of viewers significantly dropped since the infringement and use of the mark by the Defendant and the same number of viewers is falling on every day basis. The Plaintiff has hard earned repute, reliability of the source, good will linked to the news services due to its long standing service and fan base. The Plaintiff has every right to stand up to protect its long established, famous and well known mark. The Plaintiff also clarifies that the Plaintiff is unaware of the use or familiarity of the Defendant's mark in Pakistan but the mark in United States is known and read due to the services of the Plaintiff

and has acquired sufficient good will and repute among the Asian Diasporas.

Since the Plaintiff's mark has acquired sufficient good will and repute in the United States, has been used in United prior to the mark of the Defendant, the Application was filed prior to the filing of the Defendant which shows sufficient grounds in favor of the Plaintiff and thus the same have clear standing to sue the Defendant and sufficiency of grounds suggests likelihood to succeed on the merits of the claim.

## B. <u>PROPER CLAIM IS STATED</u>

It is settled principle of law that "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Govind v. Felker, No. 2:08 CV-01183, 2011 U.S. Dist. LEXIS 68259, at \*4 (C.D. Cal. June 18, 2011).* The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough

clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). Further, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). This is consistent with the well established policy that the plaintiff be given every opportunity to state a claim. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *See Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

Further it was also set out that "In evaluating the sufficiency of a complaint under Rule 12(b) (6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief." *Manwin Licensing Int'l S.A.R.L. v. ICM Registry, LLC, CV 11-9514, 2012 U.S. Dist. LEXIS 125126, at *10 (C.D. Cal. Aug. 14, 2012).* And also that "[A]ll allegations of material fact are taken as true and are construed in the light most favorable to [the plaintiff] (*Coal for ICANN Transparency, Inc. v. Verisign, Inc., 611 F.3d 495, 500 (9th Cir. 2010).*

A complaint must meet a standard of "plausibility." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).* A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (*Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).* Plausibility "is not akin to a 'probability requirement,'" rather, it requires "more than a sheer possibility that a defendant has acted unlawfully." It is very clear from the contents of the complaint, and the same has already been stated herein above that the Plaintiff has sufficient evidence to prove the ownership, prior use, the medium of use and use since 2004 in the services being infringed by the Defendant.

## C. <u>LIKELIHOOD OF CONFUSION</u>

The Plaintiff is aware of the fact that the Defendant has used the long established Mark of the Plaintiff to attract the Asian Diasporas in the United States as the Plaintiff's news and entertainment services focused mainly on Asian issues. The Defendant used the mark of the Plaintiff to attract large number of viewers in short time by creating an impression as if the Program is a service of the Plaintiff. There is certainty of confusion between the marks as the mark used by the Defendant is very identical to the mark of the Plaintiff: in fact the Defendant has not even bothered to change the mark and has used the same mark of the Plaintiff as it is.

Likelihood of confusion would apply where there is similarity between marks but here in this case the marks are identical and same. So without any shadow of doubt the use of mark by the Defendant is creating diversion, dilution and confusion among the clients/customers of the Plaintiff. The Plaintiff's use in United States

is prior than the use of the Defendant if any that again in the very same industry of news and media broadcasting therefore the likelihood of the confusion is guaranteed.

## D. <u>PARTY SUED IS INVOLVED IN THE INFRINGEMENT</u>

The Defendant and other entities as referenced in the Defendant's motion to dismiss are all interlinked and controlled by the same management which is evident from their websites and news papers and admittedly claim to be interlinked and one as seen on their website. The Defendant and their sister concern entities promote their services and products as one on all the available forums like the programs of the Geo are being promoted in the newspaper and the Jang News paper is being promoted on the website of the Defendant and other sister concerns. In the Similar manner the defendant has been promoting and using the mark of the Plaintiff in its video programs as well as on internet. The Infringement has occurred through the channel of the Defendant and website of the defendant therefore the defendant's attempt to shift the blame and to hide behind the corporate veil iS frivolous and desperate measure only, nothing more.

## II. <u>PLAINTIFF WILL SUFFER IRREPARABLE HARM</u>

The Plaintiff has been using the mark since 2004 and has gathered a hard earned repute, good will, popularity, and clientele and fan base. The Defendant's act of infringements on industrial scale will dilute and saturate the mark of the Plaintiff. The diversion of the clients and viewers of the Plaintiff on wider scale will ruin and shatter the hard earned repute, good will and business of the Plaintiff. The act of the

Defendant has so far caused diversion on great scale and has caused confusion among the customers. The harm to business and it repute and good will is such which cannot be compensated in monetary terms therefore is irreparable harm.

III.     **DAMAGE TO PLAINTIFF OUTWEIGHS DAMAGE TO DEFENDANT**

The mere claim of damage by the Defendant is frivolous as there is no question of damage when the Mark is owned and established by the Plaintiff. Whatever damage is happening is occurring to the Plaintiff. The Defendant has made a desperate attempt to grab the mark of the Plaintiff for its illegal benefit. The Defendants weighing of the mark does not make any sense in the context where the same has although claimed its use since decades but has applied only a year ago that after the Plaintiff applied for its mark. The Damage to the Plaintiff is severe as the Defendant has cleverly linked its trolling of the mark to its other businesses in some other countries. The Plaintiff has invested and has spent huge amount of money and time on the mark and has spent fortune and years of hardworking to earn repute, clientele and fan base in the United States. The defendant's sudden jump in the market and later application just a year ago shows clear mala fide on part of the Defendant.

IV. **PUBLIC INTEREST FAVOURS GRANT OF INJUUNCTION**

The Defendant has portrayed itself an industrial media giant and has been using the mark in the media industry since decades as claimed by the Defendant in the Motion. The Plaintiff a small scale news service provider, providing the news services through its website with

the mark 'Jang" as logo. The Plaintiff is a bona fide user of the mark and has spent huge amount and time in establishing the mark in the market. The bona fide of the Plaintiff is evident and clear that the Plaintiff searched the USPTO database before filing application for the registration of the mark and finding no similar mark in the database, the Plaintiff applied for the mark in USPTO. To the shock and surprise of the Plaintiff the Defendant filed application after few months of filing of the Plaintiff's application. On the one hand there is a medium service provide and businessman and on the other hand there is someone who claims to be a media giant since decades but has not even bothered to register its rights. The Denial of preliminary injunction would result in total loss to the Plaintiff thus outweighs in favor of the Plaintiff.

## V. <u>DEFENDANT NOT ENTITLED TO ATTORNEY'S FEES</u>

The Defendants' claim towards entitlement of the Attorney's Fees at the current stage is premature and is based upon false allegations and misguiding statements of previous litigation between the Plaintiff and other parties. The Plaintiff's claim is valid and the same will be proved and substantiated with sufficient evidence and all the allegations raised in the complaint will be substantiated with documentary evidence at the stage of discovery. Since many other facts have disclosed to the Plaintiff since filing of the Complaint and is working to collect documentary evidence to produce in discovery and prove the trolling of the Defendant.

Furthermore the Plaintiff has a valid claim over the mark and shouldn't be penalized for the technical and procedural errors as the same do not extinguish the rights of the Plaintiff.

## CONCLUSION

Based on the foregoing, the Plaintiff respectfully requests that the Defendant' Motion to Dismiss should be denied in its entirety.


Plaintiff
Mr. NAEEM AHMED
Address: 93 S, Jackson Street,
Suite 23801,
Seattle, WA 98104

Dated: 10.11.2014

16 | 1 6

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Mr. NAEEM AHMED                                    14-CV-7486 (JMF)

       **Plaintiff**

V.

GEO USA LLC,

       **Defendant**


**MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANTS MEMORANDUM IN**
**OPPOISITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY**
**INJUNCTION IN OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS UNDER RULE 12 (B) (1) AND 12 (B)(6)**


                                        Plaintiff
                                        Mr. NAEEM AHMED
                                        Address: 93 S, Jackson Street,
                                        Suite 23801,
                                        Seattle, WA 98104


Dated: 10.11.2014

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................3

PRELIMINARY STATEMENT............................................................4

STATEMENT OF FACTS ..................................................................5

LEGAL ARGUMENT .......................................................................7

A.  PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF HIS CLAIMS
    ........................................................................................................8

   I.    PLAINTIFF HAS STANDING TO SUE ....................................7

   II.   PROPER CLAIM UNDER FED. R. CIV. P (12)(B)(6) ..............9

   III.  LIKELIHOOD OF CONFUSION .............................................11

   IV.   PARTY SUED IS DIRECTLY INVOLVED IN INFRINGEMENT .........11

B.  PLAINTIFF WILL SUFFER IRREPARABLE HARM ...................................11
C.  DAMAGE TO PLAINTIFF OUTWEIGHS ANY DAMAGE TO
    DEFENDANT .............................................................................11
D.  PUBLIC INTERST FAVOURS GRANT OF THE INJUNCTION  ................11
E.  DEFENDANT IS NOT ENTITLED TO THE ATTORNEY'S FEES ............11

CONCLUSION  ...............................................................................13

ANNEXURE - A ..............................................................................14

## TABLE OF AUTHORITIES

- Ralia v. U.S., 355 F.3rd 118, 119, (2d Cir. 2004)
- Lunney v. U.S., 319 F. 3d 550, 554 (2d cir. 2003))
- Govind v. Felker, No. 2:08 CV-01183, 2011 U.S. Dist. LEXIS 68259, at *4 (C.D. Cal. June 18, 2011)
- Conley v. Gibson, 355 U.S. 41, 45-46 (1957)
- Grisham v. United States, 103 F.3d 24, 25-26 (5th Cir. 1997)
- Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)
- Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989)
- Oppenheimer v. Prudential Sec. Inc., 94 F.3d 189, 194 (5th Cir. 1996)
- Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)
- Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992)
- Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994)
- Manwin Licensing Int'l S.A.R.L. v. ICM Registry, LLC, CV 11-9514, 2012 U.S. Dist. LEXIS 125126, at *10 (C.D. Cal. Aug. 14, 2012)
- Coal for ICANN Transparency, Inc. v. Verisign, Inc., 611 F.3d 495, 500 (9th Cir. 2010)
- Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007)
- Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

## PRELIMINARY STATEMENT

Plaintiff Naeem Ahmed (**"Plaintiff"**) submits this memorandum of law (**"Memorandum"**) in opposition to Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction and Defendant's Memorandum in Support of Defendant's Motion to Dismiss the Complaint Under Federal Rules 12 (B) (1) and 12 (B) (6) submitted by Geo USA Llc (**"the Defendant"**) to dismiss the Plaintiff's Motion for Preliminary Injunction and the complaint on the grounds of not likely to succeed on the merits of his claims for he lacks standing to sue, for failing to state a claim, for not establishing any likelihood of confusion and for he has not shown that the party sued uses the allegedly infringed Jang mark and that the Plaintiff has failed to show that he will suffer irreparable harm, threatened injury to the Defendant outweighs any damages to the Plaintiff, public interest favors denial of the injunction and the Defendant's claim to entitlement to Attorney's Fees (**"the Motion"**).

That, as to the objections raised by the Defendant in the Motion, the Plaintiff submits that the objections are false, *mala fide,* misguiding based on wrong and incorrect information and thus out rightly denied. The Defendant has taken the unlawful advantage of the weaker position of a pro se litigant and has misguided the Hon'ble Court by bringing many false and mala fide claims and statements against the Plaintiff to vilify and threaten the Plaintiff in the start of the proceedings.

That, the premise and content of the Motion by the Defendant is out rightly denied, unless expressly admitted herein. The detailed reply to the objections and legal issues raised in the Motion is provided herein below.

## STATEMENT OF FACTS

That it is reiterated that the Plaintiff is the established owner of the Mark in United States and the application for the registration of the same is also pending before USPTO, bearing serial Number: 86123767. It is worth mentioning here that, before the filing of the same the Plaintiff being the *bona fide* user and owner of the mark, diligently searched the applied mark in USPTO database and found no such mark having similarity with the mark of the Plaintiff. The Plaintiff has been using the same logo since June 23, 2004 in connection with the news publication through internet and broadcasting of videos and documentaries through the medium of internet and has thousands of viewers and readers of the same since last many years.

That, to shock and dismay of the Plaintiff, it has recently disclosed to the Plaintiff that the Defendant is using the mark of the Plaintiff which is very similar and identical to the Mark of the Plaintiff. The Defendant is using the Mark name and the stylized logo of the Plaintiff as its own, without the permission and consent of the Plaintiff.

That the Defendant is using the mark of the Plaintiff in its programs for the promotion of its news services and as the display logo on the website on its website www.jang.com.pk and also in print on its newspaper on every day basis in the United States of America. The websites of the Defendant and its sister concern companies are linked to the online newspaper published by the Defendant and is seen by large majority of south Asian diaspora living in United States.

The act of infringement through the fiery medium of internet is further causing the dilution of the mark of the Plaintiff and thus is causing very

serious loss and damage to the mark of the Plaintiff. The URL's causing
infringements and dilutions on the internet are given hereunder:

http://jang.com.pk/
https://www.facebook.com/JangDotComDotPk
https://twitter.com/jang_akhbar

That the Defendant is using the Plaintiff's mark to divert viewers and
readers and further to mislead and deceive the viewers and readers of the of
the Plaintiff in violation of multiple international conventions, treaties as
well as criminal laws and civil laws regarding mark infringement,
counterfeiting, and unfair competition. The Defendant has acted *mala fide*
and his act of using Plaintiff's mark in his business is illegal, unlawful,
unauthorized and damaging to the name, business and repute of the Plaintiff.
The Defendant's intermingling of the different facts is an effort to confuse
and conflate the claim of the Plaintiff and further to usurp the rights of the
Plaintiff. The Defendant's use of the Plaintiff's mark and at the same breath
denying the likelihood of confusion is clear example of trademark trolling
and unfair competition. The Defendant's reliance on previous disposed off
claims against other parties shows the desperation and a mala fide attempt to
misguide and divert the attention of the court from the real claim. Further
the Defendant's claim that the Defendant and the Jang are separate entities is
also denied for being false and frivolous as GEO and Jang Group are
interlinked entities with interlinked network of business and services. The
infringement of the Plaintiff's mark is also been done through sources which
are accessible from the Defendant and also from its sister concern
companies.

Plaintiff is confident to produce sufficient evidence of ownership and use of the mark and infringement of the mark by the Defendant as and when directed by the court or at the stage of discovery.

The Defendants claim regarding the prior use of the mark are also denied vehemently as the Plaintiff has been using the mark since 2004 in United States through its website  whereas the Defendant has only applied for the mark in United States after the filing of the Application of the Defendant. That shows that Defendant is not a bona fide owner of the mark and had no concern with the mark. The Defendant has made it a habit to steal the well known marks of other people in the United States market and show them as their own to gain immediate response and to divert the hard earned fan base and viewership of other parties.

The mala fide of the Defendant is also obvious from the fact that the same has misguided the Court with reference to disposed of litigation in the Court of Massachusetts. It is clarified that claims filed in the court of Massachusetts were on different issue and against different Parties. The Defendant in this case was not a party in the claims filed in Massachusetts.

The Plaintiff is the established owner of the mark and is the first to use the same in United States, first to file the said trademark applications in the United States therefore, even on the basis of priority and preference, is the lawful owner of the Mark. Plaintiff being the *bona fide* applicant made all possible searches for the Mark and no such mark was registered in the database of USPTO and thus applied thereafter. No such application was pending or filed before the application of the Plaintiff. Therefore, the Defendant's claim of the mark in United States is based upon *mala fide*, misguiding and illegal intentions.

## LEGAL ARGUMENTS

### I. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF HIS CLAIMS

Plaintiff has sufficient evidence to support his claim against the Defendant and further has sufficient evidence to prove that the Defendant is a trademark troll and is a parasite which sucks upon the business and repute of other people's business and thus targets the established marks of the established businesses for its unfair advantage.

As it has been established that in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (1), the court should accept as true all of the factual allegations in the complaint and must draw all reasonable inferences in favour of the non-moving party *(Ralia v. U.S., 355 F.3rd 118, 119, (2d Cir. 2004); Lunney v. U.S., 319 F. 3d 550, 554 (2d cir. 2003)).*

For the reasons mentioned herein below the Plaintiff sufficiently puts forward that the Plaintiff is likely to succeed on the merits of his claims.

### A. PLAINTIFF HAS STANDING TO SUE

The Plaintiff is the *bona fide* and established owner of the mark and is the direct victim of the infringement of the Mark and thus has suffered heavy losses in consequence. The Plaintiff being the victim

and bearer of loss has the every right under the constitution to claim the protection of its rights and has the proper and undoubted *"locus standi"* in the matter in hand.

The allegations of the Defendant regarding separate litigation in Massachusetts, as has already been mentioned, is mala fide and is brought up here to confuse and conflate the claim of the Plaintiff; the referenced litigation was on separate matter against separate parties. The Defendant's reliance on the technical errors of a Pro se litigant is based on bad faith and the same cannot take the advantage of the errors of the Plaintiff as the technical errors do not abolish the rights of the Plaintiff otherwise guaranteed by the law.

The Plaintiff reiterates that the Plaintiff has been using the mark predominantly in United States through its website, used for the publication and broadcast of online news. The Plaintiff initiated this project to provide easy and accessible Asian regional news service for the Asian Diasporas living in west predominantly in United States. The local Asian population of United States is very familiar with the services and is frequent visitor of the website for the regional news. The Plaintiff's website has thousands of daily viewers and the number of viewers significantly dropped since the infringement and use of the mark by the Defendant and the same number of viewers is falling on every day basis. The Plaintiff has hard earned repute, reliability of the source, good will linked to the news services due to its long standing service and fan base. The Plaintiff has every right to stand up to protect its long established, famous and well known mark. The Plaintiff also clarifies that the Plaintiff is unaware of the use or familiarity of the Defendant's mark in Pakistan but the mark in United States is known and read due to the services of the Plaintiff

and has acquired sufficient good will and repute among the Asian Diasporas.

Since the Plaintiff's mark has acquired sufficient good will and repute in the United States, has been used in United prior to the mark of the Defendant, the Application was filed prior to the filing of the Defendant which shows sufficient grounds in favor of the Plaintiff and thus the same have clear standing to sue the Defendant and sufficiency of grounds suggests likelihood to succeed on the merits of the claim.

## B. <u>PROPER CLAIM IS STATED</u>

It is settled principle of law that "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Govind v. Felker, No. 2:08 CV-01183, 2011 U.S. Dist. LEXIS 68259, at *4 (C.D. Cal. June 18, 2011).* The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *See also Grisham v. United States,* 103 F.3d 24, 25-26 (5th Cir. 1997). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough

clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). Further, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). This is consistent with the well established policy that the plaintiff be given every opportunity to state a claim. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *See Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

Further it was also set out that "In evaluating the sufficiency of a complaint under Rule 12(b) (6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief." *Manwin Licensing Int'l S.A.R.L. v. ICM Registry, LLC, CV 11-9514, 2012 U.S. Dist. LEXIS 125126, at *10 (C.D. Cal. Aug. 14, 2012). And also that "[A]ll allegations of material fact are taken as true and are construed in the light most favorable to [the plaintiff]* (*Coal for ICANN Transparency, Inc. v. Verisign, Inc., 611 F.3d 495, 500 (9th Cir. 2010).*

A complaint must meet a standard of "plausibility." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007)*. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (*Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*. Plausibility "is not akin to a 'probability requirement,'" rather, it requires "more than a sheer possibility that a defendant has acted unlawfully." It is very clear from the contents of the complaint, and the same has already been stated herein above that the Plaintiff has sufficient evidence to prove the ownership, prior use, the medium of use and use since 2004 in the services being infringed by the Defendant.

## C. <u>LIKELIHOOD OF CONFUSION</u>

The Plaintiff is aware of the fact that the Defendant has used the long established Mark of the Plaintiff to attract the Asian Diasporas in the United States as the Plaintiff's news and entertainment services focused mainly on Asian issues. The Defendant used the mark of the Plaintiff to attract large number of viewers in short time by creating an impression as if the Program is a service of the Plaintiff. There is certainty of confusion between the marks as the mark used by the Defendant is very identical to the mark of the Plaintiff: in fact the Defendant has not even bothered to change the mark and has used the same mark of the Plaintiff as it is.

Likelihood of confusion would apply where there is similarity between marks but here in this case the marks are identical and same. So without any shadow of doubt the use of mark by the Defendant is creating diversion, dilution and confusion among the clients/customers of the Plaintiff. The Plaintiff's use in United States

is prior than the use of the Defendant if any that again in the very same industry of news and media broadcasting therefore the likelihood of the confusion is guaranteed.

## D. <u>PARTY SUED IS INVOLVED IN THE INFRINGEMENT</u>

The Defendant and other entities as referenced in the Defendant's motion to dismiss are all interlinked and controlled by the same management which is evident from their websites and news papers and admittedly claim to be interlinked and one as seen on their website. The Defendant and their sister concern entities promote their services and products as one on all the available forums like the programs of the Geo are being promoted in the newspaper and the Jang News paper is being promoted on the website of the Defendant and other sister concerns. In the Similar manner the defendant has been promoting and using the mark of the Plaintiff in its video programs as well as on internet. The Infringement has occurred through the channel of the Defendant and website of the defendant therefore the defendant's attempt to shift the blame and to hide behind the corporate veil iS frivolous and desperate measure only, nothing more.

## II. <u>PLAINTIFF WILL SUFFER IRREPARABLE HARM</u>

The Plaintiff has been using the mark since 2004 and has gathered a hard earned repute, good will, popularity, and clientele and fan base. The Defendant's act of infringements on industrial scale will dilute and saturate the mark of the Plaintiff. The diversion of the clients and viewers of the Plaintiff on wider scale will ruin and shatter the hard earned repute, good will and business of the Plaintiff. The act of the

Defendant has so far caused diversion on great scale and has caused confusion among the customers. The harm to business and it repute and good will is such which cannot be compensated in monetary terms therefore is irreparable harm.

### III.    DAMAGE TO PLAINTIFF OUTWEIGHS DAMAGE TO DEFENDANT

The mere claim of damage by the Defendant is frivolous as there is no question of damage when the Mark is owned and established by the Plaintiff. Whatever damage is happening is occurring to the Plaintiff. The Defendant has made a desperate attempt to grab the mark of the Plaintiff for its illegal benefit. The Defendants weighing of the mark does not make any sense in the context where the same has although claimed its use since decades but has applied only a year ago that after the Plaintiff applied for its mark. The Damage to the Plaintiff is severe as the Defendant has cleverly linked its trolling of the mark to its other businesses in some other countries. The Plaintiff has invested and has spent huge amount of money and time on the mark and has spent fortune and years of hardworking to earn repute, clientele and fan base in the United States. The defendant's sudden jump in the market and later application just a year ago shows clear mala fide on part of the Defendant.

### IV. PUBLIC INTEREST FAVOURS GRANT OF INJUUNCTION

The Defendant has portrayed itself an industrial media giant and has been using the mark in the media industry since decades as claimed by the Defendant in the Motion. The Plaintiff a small scale news service provider, providing the news services through its website with

the mark 'Jang" as logo. The Plaintiff is a bona fide user of the mark and has spent huge amount and time in establishing the mark in the market. The bona fide of the Plaintiff is evident and clear that the Plaintiff searched the USPTO database before filing application for the registration of the mark and finding no similar mark in the database, the Plaintiff applied for the mark in USPTO. To the shock and surprise of the Plaintiff the Defendant filed application after few months of filing of the Plaintiff's application. On the one hand there is a medium service provide and businessman and on the other hand there is someone who claims to be a media giant since decades but has not even bothered to register its rights. The Denial of preliminary injunction would result in total loss to the Plaintiff thus outweighs in favor of the Plaintiff.

## V. DEFENDANT NOT ENTITLED TO ATTORNEY'S FEES

The Defendants' claim towards entitlement of the Attorney's Fees at the current stage is premature and is based upon false allegations and misguiding statements of previous litigation between the Plaintiff and other parties. The Plaintiff's claim is valid and the same will be proved and substantiated with sufficient evidence and all the allegations raised in the complaint will be substantiated with documentary evidence at the stage of discovery. Since many other facts have disclosed to the Plaintiff since filing of the Complaint and is working to collect documentary evidence to produce in discovery and prove the trolling of the Defendant.

Furthermore the Plaintiff has a valid claim over the mark and shouldn't be penalized for the technical and procedural errors as the same do not extinguish the rights of the Plaintiff.

## CONCLUSION

Based on the foregoing, the Plaintiff respectfully requests that the Defendant' Motion to Dismiss should be denied in its entirety.

Plaintiff
Mr. NAEEM AHMED
Address: 93 S, Jackson Street,
Suite 23801,
Seattle, WA 98104

Dated: 10.11.2014