UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                             :

NAEEM AHMED,                       :

                   Plaintiff,      :         14-CV-7486 (JMF)

                             :

         -v-                  :       OPINION AND ORDER

                             :

GEO USA LLC,                    :

                   Defendant.     :

                             :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       This case is the latest in a series of cases filed by Plaintiff Naeem Ahmed, proceeding *pro se*, alleging infringement of his trademarks. The other seven, which were filed against other parties in the District of Massachusetts, have all been dismissed.[1] In this case, Plaintiff sues Defendant GEO USA LLC ("GEO") alleging trademark infringement and injury to business reputation. (Compl. (Docket No. 1)). Plaintiff seeks a preliminary injunction. (Docket No. 2). Defendant cross-moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss and for sanctions. (Docket No. 10). For the reasons explained below, Defendant's

---

[1]     The other cases, four of which involve the very mark at issue here, are: *Ahmed v. Hosting.com*, No. 13-CV-13117 (WGY) (D. Mass.); *Ahmed v. Google, Inc.*, No. 13-CV-13129 (RWZ) (D. Mass.); *Ahmed v. Apple, Inc.*, No. 13-CV-13130 (RWZ) (D. Mass.); *Ahmed v. British Sky Broadcasting Ltd.*, No. 13-CV-13140 (NMG) (D. Mass.); *Ahmed v. Facebook, Inc.*, No. 1:14-CV-10026-WGY (D. Mass.); *Ahmed v. Twitter, Inc.*, 14-CV-10025 (RGS) (D. Mass.), and *Ahmed v. Dish Network*, No. 14-CV-10024 (GAO) (D. Mass.). The Court may take judicial notice of these cases. *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (noting that courts may take judicial notice of a document filed in another court to establish the fact of the litigation and related filings, although not for the truth of the matters asserted).

motion to dismiss is granted and its motion for sanctions is denied; in light of the dismissal of the Complaint, Plaintiff's motion for a preliminary injunction is denied as moot.

## BACKGROUND

Generally, in considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), courts are limited to the facts alleged in the complaint and are required to accept those facts as true.  *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).  A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken (including, of relevance here, official records of the United States Patent and Trademark Office), public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit.  *See, e.g.*, *Kleinman v. Elan Corp., plc*, 706 F.3d 145, 152 (2d Cir. 2013); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (applying rule to district courts); *see also, e.g.*, *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (noting that courts have taken judicial notice of trademark registrations); *Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341, 345 (S.D.N.Y. 2014) ("[T]he Court may take judicial notice of official records of the United States Patent and Trademark Office.").  In addition, because a *pro se* plaintiff's allegations must be construed liberally, it is appropriate for a court to consider factual allegations made in a *pro se* plaintiff's opposition memorandum, as long as the allegations are consistent with the complaint.  *See, e.g.*, *Braxton v. Nichols*, No. 08-CV-8568 (PGG), 2010 WL 1010001, at *1 (S.D.N.Y. Mar.18, 2010); *cf. Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering a pro se plaintiff's affidavit in opposition to a motion to dismiss in addition to those in the complaint).  Accordingly, the following facts are taken from

the Complaint, exhibits attached thereto, Ahmed's opposition papers (to the extent they are consistent with the Complaint), and documents of which the Court may take judicial notice.

Ahmed claims to be the "common law and established owner" of an Urdu-language trademark that the parties refer to as the "JANG" trademark.  (Compl. ¶ 9).  Ahmed filed an application to register the mark with the U.S. Patent and Trade Office (*Id.* ¶ 9), but his application was rejected (Decl. Mansoor Rehman Supp. GEO USA LLC's Mot. To Dismiss Pl.'s Compl. & Supp. GEO USA LLC's Opp'n Pl.'s Mot. Preliminary Inj. (Docket No. 12) ("Rehman Decl."), Ex. 15).  Nevertheless, according to the Complaint, he has been using the mark since June 23, 2004, "in connection with the news publication; broadcasting; telecommunication; news; entertainment; life shows; comedy in Classes 38 and 41 of the International *Classification of Goods and Services for the Purposes of the Registration of Marks.*"  (Compl. ¶ 9).  He alleges that GEO has been using a mark confusingly similar to the JANG mark "as the display logo on the website and also in print on its newspaper" in the United States without his permission.  (*Id.* ¶ 11).  Ahmed informed GEO that it was infringing his trademark, but GEO "deliberately disregarded the notice/notifications."  (*Id.* ¶ 14).  Thereafter, Ahmed filed this action, alleging three Lanham Act Claims — trademark infringement, unfair competition, and false description — as well as common law injury to his business reputation, and seeking a preliminary injunction.  (Docket Nos. 1-2).[2]

---

[2]     Plaintiff's opposition to the motion to dismiss was due by November 12, 2014.  (Docket No. 15).  When he had not filed an opposition by November 20, 2014, the Court issued an order to show cause why Defendant's motion should not be deemed unopposed, which could result in dismissal of the case for failure to prosecute.  (*Id.* 15).  Plaintiff's only response was to file his opposition.  (Docket No. 16).  The Court ordered Defendant to discuss in its reply whether Plaintiff's opposition should be considered untimely.  (Docket No. 17).  The Court need not decide the issue, however, because, even if it considers Plaintiff's opposition papers, the Complaint plainly fails to state a claim upon which relief may be granted.

**DISCUSSION**

In evaluating a Rule 12(b)(6) motion, the Court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008). A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must show "more than a sheer possibility that a defendant acted unlawfully," *id.*, and cannot rely on mere "labels or conclusions" to support a claim. *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570. Where, as here, the plaintiff is proceeding *pro se*, the complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, a *pro se* litigant must still state a plausible claim for relief. *See, e.g.*, *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). That is, the Court's "'duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it.'" *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (quoting 2 Moore's Federal Practice § 12.34 [1][b], at 12-61 (internal quotation marks omitted)).

Case 1:14-cv-07486-JMF   Document 20   Filed 03/27/15   Page 5 of 12

**A.      Plaintiff's Claims**

The Court begins with Plaintiff's claim of trademark infringement under the Lanham

Act.[3]  Whether an infringement claim is brought pursuant to Section 1114(1) or Section 1125(a)

of the Lanham Act, a court "looks first to whether the plaintiff's mark is entitled to protection,

and second to whether defendant's use of the mark is likely to cause consumers confusion as to

the origin or sponsorship of the defendant's goods."  *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141,

146 (2d Cir. 2003).  Plaintiff's infringement claim fails under both prongs.  To prevail under the

first prong of the test, a plaintiff must show both "prior use and ownership."  *Id.*; *see also De

Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate, Inc.*, 440 F. Supp. 2d 249, 268-69

(S.D.N.Y. 2006) (same).  Plaintiff alleges that he is the "common law and established owner of

the Mark" and that, since June 23, 2004, he has used the mark "in connection with the news

publication; broadcasting; telecommunication; news; entertainment; live shows; comedy in

classes 38 and 41 of the International *Classification* of Goods and Services for the Purpose of

Registration of Marks."  (Compl. ¶ 9; *see also* Mem. Law Opp'n Defs. Mem. Opp'n Pl.'s Mot.

Preliminary Inj. Opp'n Def.'s Mot. To Dismiss Under Rule 12(b)(1) & 12(b)(6) (Docket No. 16)

("Pl.'s Opp'n") 5).  Notably, however, he does not provide any facts about his actual use of the

---

[3]      Defendant moves to dismiss Plaintiff's Lanham Act claims for lack of standing.  (Def.'s
Mem. Opp'n Pl.'s Mot. Preliminary Inj. & Def.'s Mem. Supp. Def.'s Mot. To Dismiss Compl.
Under Fed. R. 12(b)(1) & 12(b)(6) (Docket No. 11) ("Def.'s Mem.") 6-9).  There is no colorable
argument, however, that Plaintiff lacks *constitutional* standing (in which case, the Court would
lack subject-matter jurisdiction).  *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134
S. Ct. 1377, 1387  (2014) (stating that whether Congress has authorized a particular plaintiff to
sue under the Lanham Act is a question of statutory standing, not Article III standing).  And
while Defendant makes a forceful argument that Plaintiff lacks *statutory* standing (*see* Def.'s
Mem. at 6-9), the Court need not reach the issue because Plaintiff's claims fail as a matter of
law.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 & n.2 (1998) (holding that
statutory standing "has nothing to do with whether there is case or controversy under Article III"
and need not be resolved prior to addressing the merits); *accord Connecticut v. Kaufman*, 457
F.3d 250, 256 n.3 (2d Cir. 2006).

5

mark. Indeed, it is impossible to tell from the Complaint the products or services with which the mark was supposedly used. The Supreme Court has made clear that such a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," is insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678; *see also Rodman v. Stryker Sales Corp.*, No. 14-CV-1102 (JMF), 2014 WL 5002095, at *1 (S.D.N.Y. Oct. 7, 2014). That is all Plaintiff provides here.

Plaintiff's argument that Defendant's use of his mark creates a likelihood of confusion fails for the same reasons.[4] In the Second Circuit, courts generally consider the nonexclusive list of factors outlined by Judge Friendly in *Polaroid Corp. v. Polaroid Elec. Corp.*, 287 F.2d 392 (2d Cir. 1961), in deciding whether a likelihood of confusion exists. Those factors are: "(1) the strength of the plaintiff's mark[;] (2) the degree of similarity between the two marks; (3) the competitive proximity of the products or services; (4) the existence of actual confusion; (5) the likelihood that the plaintiff will 'bridge the gap' between the two markets; (6) the defendant's good faith in adopting its mark; (7) the quality of the defendant's product; and (8) the sophistication of the purchasers." *Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254, 256-57 (2d Cir. 1987) (quoting *Polaroid*, 287 F.2d at 495); *see also NYP Holdings v. N.Y. Post*

---

[4] Relying largely on a declaration submitted in conjunction with its memorandum of law, Defendant also claims that it is not the proper defendant because it is "an independent company from the Jang Group" and "does not even use the allegedly infringing JANG mark." (Def.'s Mem. 14). That may well be, but Plaintiff has alleged that Defendant "is using the Mark name as well as the stylized logo of the Plaintiff" (Compl. ¶ 10) and that its mark was being infringed by "the defendant and its sister concern companies" (*Id.* ¶ 1). Given that, at this stage of the litigation, the Court must accept all of the allegations in the Complaint as true and may not consider documents extraneous to the Complaint, those allegations are sufficient to show use by Defendant for purposes of this motion. *See, e.g.*, *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013) ("In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies.").

*Pub'g Inc.*, No. 14-CV-8310 (VM), 2014 WL 6603989, at *6 (S.D.N.Y. Nov. 17, 2014).  The likelihood of confusion inquiry, however, "is not a mechanical process where the party with the greatest number of factors weighing in its favor wins."  *Vox Amplificiation Ltd. v. Meussdorffor*, No. 13-CV-4922 (ADS) (GRB), — F. Supp. 3d —, 2014 WL 4829578, at *14 (E.D.N.Y. Sept. 29, 2014) (internal quotation marks omitted).  Instead, "a court should focus on the ultimate question of whether consumers are likely to be confused."  *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 46 (2d Cir. 2000).

Here, Plaintiff states in his Complaint only that Defendant's use of the mark is "confusingly similar" to Plaintiff's mark and that Defendant is using the mark "to divert customers and further to mislead and deceive the customers of the Plaintiff."  (Compl. ¶¶ 10, 13).  He also states that he has used the mark since June 23, 2004.  (*Id.* ¶ 9).  He largely repeats those details in his memoranda of law (*see* Pl.'s Mem. Supp. Mot. Preliminary Inj. (Docket No. 2) ("Pl.'s Mem.") 5-9; Pl.'s Opp'n 12), but adds very little new information.  For example, in discussing the strength of his mark, Plaintiff states that the word "'JANG' has been in continuous and substantial use since June 23, 2004" and that the mark is "inherently distinctive."  (Pl.'s Mem. 8).  Similarly, to prove that the parties offer the same goods or services, Plaintiff states in conclusory fashion that "Plaintiff is involved in [the] broadcasting and media industry . . . whereas the Defendant is also infringing the same mark through broadcasting, news publication and entertainment."  (*Id.* 7).  Such broad statements — devoid of any factual detail — are plainly insufficient as a matter of law.  *See Iqbal*, 556 U.S at 678; *see also Volvo North Am. Corp. v. Men's Int'l Prof. Tennis Council*, 687 F. Supp. 800, 813 (S.D.N.Y. 1988) (stating that "conclusory allegations that confusion is likely to occur and three specific occasions of actual confusion . . . are insufficient to make out a claim . . . under the Lanham Act"); *cf. LBF Travel,*

*Inc. v. Fareportal, Inc.*, No. 13-CV-9143 (LAK) (GWG), 2014 WL 5671853, at *8 (S.D.N.Y. Nov. 5, 2014) (Report and Recommendation) (noting that while "likelihood of confusion is a fact-intensive analysis that ordinarily does not lend itself to a motion to dismiss," a motion to dismiss may be granted for failure to plead likelihood of confusion "if no reasonable factfinder could find a likelihood of confusion on any set of facts that plaintiff could prove" (internal quotation marks omitted)).

Ahmed's failure to adequately allege either how he uses the JANG mark or a likelihood of confusion is also fatal to his unfair competition and false description claims under the Lanham Act.  To show unfair competition under the Lanham Act, Plaintiff must prove "(1) the existence of a valid mark, and (2) that the defendant's actions are likely to confuse the buying public." *Tiffany (NH) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 463, 519 (S.D.N.Y. 2008) (internal quotation marks omitted); *see Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 114 (2d Cir. 2009) ("To prevail on a trademark infringement and unfair competition claim . . . in addition to demonstrating that the plaintiff's mark is protected, the plaintiff must prove that the defendant's use of the allegedly infringing mark would likely cause confusion as to the origin or sponsorship of the defendant's goods with plaintiff's goods.").  The standard for a false description claim is similar: The plaintiff must prove that "first . . . its mark merits protection, and second, that the defendant's use of a similar mark is likely to cause consumer confusion." *Lyons P'ship, L.P. v. D&L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 113 (E.D.N.Y. 2010) (internal quotation marks omitted).  It is unclear whether Plaintiff is attempting to assert a false advertising claim, but that claim too requires a showing of likelihood of confusion.  That is, because Plaintiff has not alleged a statement that is literally false, he would have to show that "'while the advertisement is literally true, it is nevertheless likely to mislead or confuse consumers.'"

8

*Tiffany (NJ) Inc.*, 576 F. Supp. 2d at 519 (quoting *Johnson & Johnson \* Merck Consumer Pharm. Co. v. Smithline Beecham Corp.*, 960 F. 2d 294, 297 (2d Cir. 1992)).  It follows that all of those Lanham Act claims must also be dismissed.

That disposes of all Plaintiff's federal claims.  In the absence of any remaining federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's claim for injury to business reputation.  (Compl. ¶¶ 31-32).  Pursuant to Title 28, United States Code, Section 1367, a district court has discretion over whether to exercise jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a). The Supreme Court and the Second Circuit have made clear, however, that, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'"  *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  Here, there is no basis to depart from that general rule. Given the relatively early state of the case, the traditional "values of judicial economy, convenience, fairness, and comity" that the Court must consider do not counsel in favor of exercising jurisdiction.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Accordingly, Defendant's motion to dismiss is granted, Plaintiff's Complaint is dismissed in its entirety, and Plaintiff's motion for a preliminary injunction is denied as moot.

**B.     Fees**

Section 1117 of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).  A case may be exceptional when it involves fraud or bad faith.  *See Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 505 (S.D.N.Y. 2009).  While "[d]efendants in a Lanham Act action

are not entitled to attorney's fees merely because plaintiff's claim was meritless . . . pursuit of a legal theory that plaintiff either knew or should have known was untenable implies bad faith warranting an award of fees under the Lanham Act." *Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 546 F. Supp. 2d 120, 129 (S.D.N.Y. 2008).  Defendant argues that Plaintiff should have known that his legal theory was untenable because he "had already been informed by the District Court of Massachusetts four times that he did not have ownership rights to the mark JANG."  (Def.'s Mem. 17-18).  Although there may be cases where it is appropriate to award attorney's fees against a *pro se* litigant, *see Hamptons Locations, Inc. v. Rubens*, No. CV-01-5477 (DRH) (WDW), 2011 WL 11076458, at *3 n.4 (S.D.N.Y. Feb. 14, 2011), and this case comes close to being one, the Court declines to award fees here.  Plaintiff's claims were rejected — repeatedly — by district judges in the District of Massachusetts, but Plaintiff could conceivably have believed that the law in the Southern District of New York was sufficiently different to allow his claim to move forward.  That said, if Plaintiff continues to file actions of this sort in this District, an award of attorney's fees may well be appropriate in a later case.

## C.      Leave To Amend

The only remaining question is whether Plaintiff should be granted leave to amend his Complaint.  Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Further, although courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted), the Court declines to grant such leave *sua sponte* in this case.

First, a district court may deny leave to amend where, as here, amendment would be futile. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  As noted above, Plaintiff has brought at least four other cases alleging infringement of the mark at issue in this case, all of which were dismissed. *See Ahmed v. Google, Inc.*, No. 13-CV-13129 (RWZ), Docket No. 20 (D. Mass. June 12, 2014); *Ahmed v. Apple, Inc.*, No. 13-CV-13130 (RWZ), Docket No. 32 (D. Mass. June 12, 2014); *Ahmed v. Facebook, Inc.*, No. 14-CV-10026 (WGY), Docket No. 26 (D. Mass. June 27, 2014); *Ahmed v. Twitter, Inc.*, 14-CV-10025 (RGS), Docket No. 23 (D. Mass. May 16, 2014).  Given that, and the Court's reasoning here, there is nothing to suggest that Plaintiff would be able to state a valid claim should the Court grant him leave to amend in this case. *See, e.g.*, *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.").  Second, Plaintiff was previously granted leave to amend his complaint to cure the deficiencies raised in Defendant's motion to dismiss — and expressly warned that he "not be given any further opportunity" to do so.  (Docket No. 14).  Plaintiff did not accept that invitation.  Nor has he "requested permission to file a[n] Amended Complaint" or "given any indication that he is in possession of facts that would cure the problems" identified above.  *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014).  As "Plaintiff's failure to fix deficiencies in his previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*," the Court declines to grant such leave here. *Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013)

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED, Defendant's motion is GRANTED in part and DENIED in part, and the Complaint is DISMISSED in its entirety.  The

Clerk of Court is directed to terminate Docket Nos. 2 and 10, and to close the case.  The Clerk is also directed to mail a copy of this Opinion and Order to Plaintiff.

       SO ORDERED.

Date:  March 27, 2015
        New York, New York

                                                     JESSE M. FURMAN
                                     United States District Judge